J. Benitez Cintes *v.* United States (No. 3312) [1]

United States Court of Customs and Patent Appeals, January 28, 1931

*Irving I. Hartman* for appellant.

*Charles D. Lawrence*, Assistant Attorney General (*Marcus Higginbotham*, special attorney, of counsel), for the United States.

[Oral argument December 9, 1930, by Mr. Higginbotham]

Before Graham, Presiding Judge, and Bland, Hatfield, Garrett, and Lenroot, Associate Judges

Hatfield, Judge, delivered the opinion of the court:

This is an appeal from a judgment of the United States Customs Court.

Merchandise, described in the entry as pictures, and claimed in the protest to be original paintings and free of duty under paragraph 1704 of the Tariff Act of 1922, was assessed for duty by the collector at the port of San Juan, P. R., at 20 per centum ad valorem under paragraph 1449 of that act.

Par. 1449. Works of art, including paintings in oil or water colors, pastels, pen and ink drawings, and copies, replicas, or reproductions of any of the same; statuary, sculptures, or copies, replicas, or reproductions thereof; and etchings and engravings; all the foregoing, not specially provided for, 20 per centum ad valorem.

The pertinent part of paragraph 1704 reads as follows:

Par. 1704. Original paintings in oil, mineral, water, or other colors, pastels, original drawings and sketches in pen, ink, pencil, or water colors, artists' proof

---

[1] T. D. 44614.

etchings unbound, and engravings and wood cuts unbound, * * * and the words "painting" and "sculpture" and "statuary" as used in this paragraph shall not be understood to include any articles of utility, nor such as are made wholly or in part by stenciling or any other mechanical process; * * *

In attempted compliance with the provisions of article 422 of the Customs Regulations, 1923, the importer submitted to the collector, at the time of entry, certain affidavits containing statements to the effect that the imported articles were original paintings produced by a professional artist.

On the trial in the court below, counsel for the importer offered in evidence the appraiser's report in answer to the protest, and stated that he would submit on the record. No other evidence was submitted.

Counsel for the Government objected to the introduction in evidence, and to the court's considering as evidence the affidavits filed with the collector. Objection was also made to the introduction in evidence of the appraiser's report in answer to the protest.

The Government submitted no evidence.

The record does not disclose that the court ruled on the Government's objections at the time they were made. However, in its decision the court held that there was nothing in the record to support the contentions of the importer, and the protest was, accordingly, overruled.

It is claimed by counsel for appellant that the statements contained in the protest alleging that the imported articles were original paintings, produced from a photograph by a professional artist, are a part of the record and should be considered as evidence in the case; that, as the affidavits filed for the information of the collector pursuant to the provisions of article 422 of the Customs Regulations are a part of the record, they should also have been considered as evidence in the case; and that the report of the collector indicates that the involved articles are "paintings."

In support of his first contention, counsel for appellant cited the decision of this court in *United States* v. *Scanlan*, 5 Ct. Cust. Appls. 290, T. D. 34473, and, without stating the issues before the court in that case, quoted an excerpt from the opinion for the purpose of indicating that the court there held that the allegations in a protest were a part of the record for evidentiary purposes.

The court did not so hold. On the contrary, it held that a protest was in the nature of a pleading, and that an importer was bound by admissions of fact contained therein.

In reply to this contention of counsel for appellant, counsel for the Government stated in their brief that a careful reading of the opinion in the *Scanlan* case, *supra*, would have clearly disclosed that the principles of law there announced had no application whatever to the case at bar.

We may conclude our discussion of this issue by saying that we are in entire accord with the views expressed by counsel for the Government.

This court has repeatedly held that, in the absence of an express stipulation by the parties to submit on the record, *ex parte* affidavits required by the Customs Regulations to aid the collector in determining whether imported merchandise was entitled to free entry, although a part of the record, do not possess evidentiary value on the trial of the case. *Borgfeldt & Co.* v. *United States*, 11 Ct. Cust. Appls. 421, T. D. 39433; *Eidlitz & Son (Inc.), as Agent*, v. *United States*, 12 Ct. Cust. Appls. 56, T. D. 39998; *United States* v. *C. J. Holt & Co. (Inc.)*, 17 C. C. P. A. 385, T. D. 43822.

In the report of the collector it was stated that the involved articles were "paintings made for [from] photographs."

It is argued by counsel for appellant that the report of the collector substantiates the contention of counsel that the paintings are free of duty under paragraph 1704.

It will be observed that paragraph 1704 provides for original paintings, and such only as are not articles of utility. There is nothing in the record to establish either that the involved paintings are original, or that they are not articles of utility. It may be that the collector was in error in assessing the merchandise with duty under paragraph 1449, but, as there is nothing in the record to overcome the presumption of correctness attending his classification, the court below was right in overruling the protest.

The judgment is *affirmed*.