(C. D. 593)

W. X. Huber Co. *v.* United States

United States Customs Court, Third Division

(Decided February 5, 1942)

*Philip Stein* for the plaintiff.
*Paul P. Rao,* Assistant Attorney General (*Richard F. Weeks* and *Robert C. O'Grady,* special attorneys), for the defendant.

Before Cline and Keefe, Judges

Cline, Judge: This is a suit against the United States in which the plaintiff seeks to recover the duty assessed on 80 paintings in oil at the rate of 20 per centum ad valorem under paragraph 1547 (a) of the Tariff Act of 1930 under the provision for "Works of art, including (1) paintings in oil." The plaintiff claims that the articles are free of duty under paragraph 1807 under the provisions for "Original paintings in oil." The word "painting" is limited in the latter paragraph by the following language:

* * * the words "painting," "drawing," "sketch," "sculpture," and "statuary" as used in this paragraph shall not be understood to include any articles of utility or for industrial use, nor such as are made wholly or in part by stenciling or any other mechanical process * * *

The collector made no report to the court stating reasons for his classification under paragraph 1547 (a) instead of under paragraph 1807 under which the paintings were entered. There is no contention before the court that there was a noncompliance with the customs regulations which are found in article 452 of the Customs Regulations of 1937. The regulations are not mandatory, however. *Wm. Vixseboxse* v. *United States,* C. D. 280.

The only question involved seems to be whether or not the paintings are originals. The plaintiff offered the testimony of two witnesses who were not shown to have had the education and training which would entitle them to testify as experts. Mr. L. R. Canrobert, the importer herein, testified that he is an importer of paintings, art goods and art objects; that his first purchase of this kind of merchandise was made in Brussels from various artists and he found that the type of pictures made by Teynaert was liked best by his customers in the United States and ordered more of them; that he has been buying paintings by Teynaert for about 2 years. He produced a picture which he said was the work of the same painter but not from the shipment herein involved. It was received in evidence and marked "Illustrative Exhibit A." The witness did not give his opinion as to the originality of the paintings in this case. In fact, he admitted that he did not recall the details of the shipment. That is shown by his testimony on cross-examination, as follows:

X Q. Do you remember the particular pictures which are on the invoice in this case?—A. No, it is not possible. I imported much more later.

On redirect examination, the witness testified that he makes his purchases through a man in Brussels by the name of Botson who is an artist and a dealer in oil paintings.

The next witness called by the plaintiff was Mr. Charles Winsel who is the Belgian consul in Los Angeles. When asked if he passed on the documents that cover the pictures in the shipment herein involved, he answered in the negative but stated that he had had correspondence with Mr. Botson in connection with these paintings. On cross-examination he testified that he had seen every shipment imported by Mr. Canrobert but the first time he had seen any paintings by Mr. Teynaert was when the instant shipment came in; that he has seen other pictures by the same artist but he believed the instant shipment was the only one in which the paintings were signed by that artist. The only testimony given by the witness with relation to his opinion as to whether or not the paintings here involved were originals appears in his redirect examination, as follows:

Q. I will put this direct question. Did you, Mr. Winsel, when you looked at all the paintings covered by this importation consider them as original works of the painter who signed that certificate? Answer yes or no.

Mr. WEEKS. I object. The witness is not qualified.

Judge EVANS. He can give us his opinion.

Mr. WEEKS. Exception.

A. Yes.

By Mr. STEIN.

Q. On what basis did you consider these paintings as originals?—A. I rely upon the affidavit that was sworn to before the United States Consul by this man.

Q. And that came at the same time you saw the pictures?—A. Yes.

Q. And were all of the paintings you saw signed with the signature like that on the affidavit?

&ast;  &ast;  &ast;  &ast;  &ast;  &ast;  &ast;

A. Yes, sir.

Two affidavits are attached to the invoice, one signed by Leo Cahn, who appears to be the ultimate consignee, and the other appears to be signed by the name "Teynaert." Evidently these documents were filed in compliance with the customs regulations. The latter affidavit is evidently the one to which the witness referred for his information that the paintings are originals.

Counsel for the plaintiff argues in his brief that since the testimony introduced by the plaintiff was not contradicted, there is nothing before the court to sustain the collector's classification and the plaintiff must prevail. We are of opinion, however, that the two witnesses who testified in the case were not qualified to give expert testimony as to whether or not the paintings were originals. It is true that witness Winsel testified that in his opinion they were originals but he stated that his opinion was based on an affidavit which is attached to the invoice.

The affidavit of itself is of no value as evidence of the facts which the plaintiff has the burden of proving. It has been held that an affidavit filed for the purpose of complying with customs regulations has no evidentiary value, citing *J. Benitez Cintes* v. *United States*, 18 C. C. P. A. 361, T. D. 44614; *United States* v. *Metro-Goldwyn-Mayer Corp.*, 19 C. C. P. A. 119, T. D. 45247; *Thornley & Pitt et al.* v. *United States*, 19 C. C. P. A. 221, T. D. 45325; *United States* v. *W. X. Huber Co.*, 21 C. C. P. A. 567, T. D. 46991. In *J. Benitez Cintes* v. *United States, supra*, the court said:

This court has repeatedly held that, in the absence of an express stipulation by the parties to submit on the record, *ex parte* affidavits required by the Customs Regulations to aid the collector in determining whether imported merchandise was entitled to free entry, although a part of the record, do not possess evidentiary value on the trial of the case. *Borgfeldt & Co.* v. *United States*, 11 Ct. Cust. Appls. 421, T. D. 39433; *Eidlitz & Son (Inc.), as Agent* v. *United States*, 12 Ct. Cust. Appls. 56, T. D. 39998; *United States* v. *C. J. Holt & Co. (Inc.)* 17 C. C. P. A. 385, T. D. 43822.

&ast;  &ast;  &ast;  &ast;  &ast;  &ast;  &ast;

It will be observed that paragraph 1704 [Act of 1922] provides for original paintings, and such only as are not articles of utility. There is nothing in the record to establish either that the involved paintings are original , or that they are not articles of utility. It may be that the collector was in error in assessing the merchandise with duty under paragraph 1449, but, as there is nothing in the record to overcome the presumption of correctness attending his classification, the court below was right in overruling the protest.

We are of opinion that the testimony introduced by the plaintiff is insufficient to overcome the presumption of correctness attaching

█ 146

to the collector's classification. The protest is overruled. Judgment will be entered in favor of the defendant.