UNITED STATES *v*. BORGFELDT & CO. (No. 2133.[1]

EVIDENCE ON APPEAL—ESTOPPEL.

As to certain imported merchandise, shortage was claimed and shown by affidavits filed with the collector in due form and time as required by law. Through inadvertence these affidavits were not considered by the collector upon liquidation, but upon protest by the importer they formed part of the record before the Board of United States General Appraisers. Both parties submitted the case to the board on the record. The Government can not be heard to complain in this court that these affidavits were not proper evidence and should not have been considered by the board.

United States Court of Customs Appeals, November 16, 1921.

APPEAL from Board of United States General Appraisers, Abstract 44337.

[Affirmed.]

*Wm. W. Hoppin*, Assistant Attorney General (*Marcus Higginbotham, jr.*, and *John J. Mulvaney*, special attorneys, of counsel), for the United States.

*Thomas J. Doherty* for appellee.

---

[1] T. D. 38934.

[Oral argument Oct. 26, 1921, by Mr. Mulvaney and Mr. Doherty.]

Before DE VRIES, Presiding Judge, and SMITH, BARBER, and MARTIN, Associate Judges.

DE VRIES, Presiding Judge, delivered the opinion of the court:

This appeal concerns a question of practice. The importation of merchandise was duly entered at the port of New York. In due time and in due form affidavits of a shortage thereof were filed in the office of the collector. By some inadvertence they were not brought to his attention at the time of liquidation, were not considered by him upon liquidation, and duties therefore were assessed upon the entire invoice quantities. Appeal was taken to the Board of United States General Appraisers. The docket of the board in relation to this shortage recites as follows:

June 6, 1921, affidavits as to shortage filed with papers. See collector's letter dated June 4, 1921.

June 22, 1921, submitted on record.

The papers transmitted by the collector were in accordance with the following letter:

TREASURY DEPARTMENT,
UNITED STATES CUSTOMS SERVICE,
New York, June 4, 1921.

*Board of United States General Appraisers, New York, N. Y.*

SIR: At the request of Mr. Thomas J. Doherty, attorney for George Borgfeldt & Co., I transmit herewith documentary evidence received in this office in support of claim for allowance on account of shortages alleged to exist in packages delivered from customs custody without official examination of their contents.

The evidence herewith submitted was filed in this office prior to the liquidation of the entries to which it refers and was given no consideration, never having been associated with the papers.

The entries affected are numbers 13105, steamship *Eastern Coast*, April 19, 1920, and 135616, steamship *Menomine*, April 19, 1920, which entries are respectively covered by protests 937833/14183 and 938194/452, now pending before your board.

Respectfully,

H. C. STUART,
*Special Deputy Collector.*

Enclosures.

The Board of General Appraisers sustained the protest, and the Government appeals. The board took the view, and we think rightly, that regardless of whether or not the affidavits filed before the collector would be sufficient evidence before the board under other circumstances, the fact that both the Government and importers submitted the case upon the record, which included these affidavits, entitled the board to take them into consideration and give them such weight as it deemed proper. In this case the board so did, and found them of sufficient weight to establish the claimed shortage.

The court, in reviewing their sufficiency as a part of the record, does not feel warranted in disturbing that finding of the board. Regardless of the submission, of course, it was the duty of the col-

lector to send up these affidavits as a part of the record for consideration by the board. Their weight was a question for determination by the board. Both parties, however, having submitted the case upon the record, part of which was this evidence, they became proper subjects of consideration by the board.

The court finds no ground for disturbing the findings and the decision of the Board of General Appraisers is *affirmed*.