BORGFELDT & CO. *v.* UNITED STATES (No. 2175).[1]

1. ARTICLE 608, CUSTOMS REGULATIONS 1915—PROOF OF SHORTAGE.

Compliance with Article 608, Customs Regulations 1915, as amended November 18, 1918 (T. D. 37813), prescribing the method of proving a claim for shortage, does not entitle a claimant to allowance of his claim. It only furnishes the collector with certain evidence to aid him in determining whether or not such claim should be allowed.

2. EVIDENCE—PRESUMPTION IN FAVOR OF COLLECTOR'S DECISION.

Upon the trial by the Board of United States General Appraisers of a protest against the collector's disallowance of a claim for shortage, the burden rests upon the protestant, as in all other cases, to produce such evidence as will overcome the presumed correctness of the collector's decision.

3. SAME—ADMISSIBILITY.

Affidavits filed with the collector in compliance or attempted compliance with the customs regulations prescribing the manner of showing a shortage are not admissible in evidence at the trial by the Board of United States General Appraisers of a protest against the collector's disallowance of the claim, since the issue before the board was not whether or not the regulations had been complied with, but whether or not there really was a shortage.

[1] T. D. 39433.

4. Same—Presumption in Favor of Collector's Decision.

　　At the trial by the Board of United States General Appraisers of a protest against the collector's disallowance of a claim for shortage, the only evidence offered (the affidavits filed with the collector in compliance or attempted compliance with the regulations prescribing the manner of showing the shortage) being properly excluded, the only thing then before the board was the presumptively correct decision of the collector, and the protest was necessarily overruled.

United States Court of Customs Appeals, January 22, 1923.

Appeal from Board of United States General Appraisers, G. A. 8519 (T. D. 39074).

[Affirmed.]

*Thomas J. Doherty* for appellants.

*William W. Hoppin,* Assistant Attorney General (*Marcus Higginbotham, jr.,* and *Samuel M. Richardson,* special attorneys, of counsel), for the United States.

[Oral argument November 22, 1922, by Mr. Doherty and Mr. Richardson.]

Before Smith, Barber, and Martin, Associate Judges.

Martin, Presiding Judge, delivered the opinion of the court:

The issue in this case does not involve the classification of merchandise for duty, nor the rate of duty assessed thereon. It relates exclusively to alleged shortages in certain packages of goods when landed, for which a refund is claimed upon the ground of nonimportation. The importers presented their claims in that behalf to the collector for allowance, but he rejected them. A protest was then filed and submitted to the board. This was overruled, and the importers have appealed.

It is elementary that duty does not accrue upon invoiced merchandise which in fact never arrives at port; and the department has provided regulations whereby claims for such nonimportations may be presented and allowed. The packages now in question had not come under the examination of the appraiser, and it is conceded that the present claims were governed by Article 608, Customs Regulations, 1915, as amended November 18, 1918 (T. D. 37813), which reads as follows:

There shall be no allowance for shortage in an unexamined case unless claim of shortage is made within two days from its discovery, and evidence satisfactory to the collector is produced that the missing articles were not landed within the United States. Such evidence shall consist of (*a*) affidavit of the cartman that the packages were intact and there was no abstraction of the merchandise while the packages were in his possession; (*b*) affidavit of the employee of the importer who opened the package that the shortage was found by him, and that he did not find the missing articles in any other package; (*c*) affidavit of the importer, owner, or ultimate consignee that the goods claimed short were not received by him or for his account, and that he believes that they were not imported; (*d*) a copy of the claim, if any, made upon the shipper for credit on account of the shortage, and the reply thereto, if any has been received.

The importers in this case undertook to present their claims in compliance with the foregoing regulations. Accordingly they filed

them with the collector, together with the affidavits of certain cartmen and other employees in support thereof; but, as already stated, the collector refused to make any allowance whatever thereon. The collector assigned two reasons for this decision, first, that the claims had not been made within two days after the discovery of the shortages as required by the regulations; and second, that no copy of any claim upon the shipper for credit on account of the shortages, or of any reply thereto, had been filed with him under provision (*d*) of the regulations. The collector reported that because of these alleged deficiencies, his office "was not satisfied there was a nonimportation."

It may be noted at this point that the importers answer the foregoing objections of the collector as follows: First, as to the time within which the claims were made, they maintain that all of them were in fact made and were duly received by the collector within two days from the discovery of the shortages, except that in three instances the discovery was made upon a Friday, and these claims were mailed to the collector on Saturday, and were received by him on Monday, the importers claiming this to be a compliance with the regulations; and next, as to the requirements of provision (*d*) aforesaid for a copy of the claim, if any, made upon the shipper for credit on account of the shortages, and the reply thereto, if any had been received, the importers contend that that provision would be inapplicable unless such claims were actually made or replies received, and they aver that in fact they had duly filed copies of all such claims and replies as had been made or received. They therefore contended that it was the imperative duty of the collector to allow their claims as thus presented and verified, and they protested against the disallowance accordingly.

Upon the filing of the protest the collector transmitted it, together with the invoice and all the papers and exhibits connected therewith, to the board for trial. Among the papers thus transmitted were the affidavits which the importers had filed in their attempted compliance with the regulations aforesaid.

When the case came to be tried by the board the Government at once moved that the affidavits thus forwarded should be stricken from the files as "incompetent, immaterial, and irrelevant," or that in any event they should not be admitted or considered as evidence upon the issue then on trial before the board. In answer thereto the board ruled that the affidavits were part of the proceedings had before the collector and therefore should be retained as such in the files of the case; but that they were not competent evidence upon the issue of nonimportation then before the board. No other evidence of any kind was offered by either party at the trial, and the board consequently overruled the protest. It is from that decision that the importers appeal.

We are in accord with the board's decision. We think that even if it be granted that the importers had complied with each and all of the preliminary requirements which were prescribed by the regulations, the major issue at the trial before the board would nevertheless be whether in fact there had been a nonimportation of part of the invoiced and entered merchandise. The burden of proof upon that issue rested upon the importers; nevertheless they submitted no competent evidence whatever in support of their contention. The affidavits of the cartmen and others, which were filed with the collector when the claims were presented to him, were properly forwarded to the board as part of the proceedings before the collector, and were properly retained by the board among the files of the case, but at the trial before the board they were not competent evidence of the facts stated in them. This statement finds no contradiction in our decision in United States v. Borgfeldt & Co. (11 Ct. Cust. Appls. 129; T. D. 38934) which is relied upon by the importers. At the trial of that case the parties by express stipulation submitted the issue to the board "on the record." In view of this submission it was held that the preliminary affidavits which had been filed with the collector, and had been forwarded by him to the board as part of the record, might be accepted and considered by the board as evidence in the case. But that ruling was predicated solely upon the stipulation aforesaid, the court, by De Vries, J., saying: "The board took the view, and we think rightly, that regardless of whether or not the affidavits filed before the collector would be sufficient evidence before the board under other circumstances, the fact that both the Government and the importers submitted the case upon the record, which included these affidavits, entitled the board to take them into consideration and give them such weight as it deemed proper." In the present instance, it will be remembered, the issue was not submitted to the board for a decision "on the record," for the Government objected to the admission of the affidavits as evidence, and insisted upon lawful proof of the importers' claims.

In opposition to the foregoing views the importers present a contention with which we are unable to agree. They maintain that at the trial of their protest before the board it was sufficient for them to establish by the record that they had presented their claims to the collector in due time, together with such affidavits as the regulations required, and this they claim to have done. They contend that the board thereupon should have sustained the protest without requiring further evidence of any kind. They base this contention upon the view that when the claims and affidavits were filed with the collector it became his imperative duty under the regulations to grant the allowances thus demanded, and that his failure to do so

was a manifest error which, without other proof, should induce the board to reverse his decision.    This proposition is emphasized in the concluding paragraph of the importers' brief as follows:

Stated concisely here our contention is that the issue in this case is as to whether the collector was right or wrong in his action, and that in order to reach such determination it is necessary to take into consideration all the evidence and exhibits and papers of whatever character that the collector took into consideration in reaching his decision.

We do not think that this statement correctly defines the issue which came before the board for trial.    In the first place, when the preliminary affidavits were filed with the collector he was not bound to accept them as conclusive proof of the facts stated in them.    For he was entitled to seek other information upon the subject, and he might become convinced that the affidavits were in fact incorrect. In that case they would not constitute "evidence satisfactory to the collector," such as is required by the language of the regulations; and the collector would then be bound to act according to his best judgment upon all the information before him.    His decision in such a case, as in other cases, would be presumed to be correct.    And therefore when the collector disallowed the claims in question and his decision was challenged by protest, the ultimate issue thereby presented to the board for trial was whether in fact there was a nonimportation as claimed by the importers.    Upon that issue the burden of proof clearly rested upon the protestants.

In United States *v.* Thomas (3 Ct. Cust. Appls. 142, T. D. 32385) this court considered a similar question relating to certain preliminary affidavits which were filed with the collector under existing regulations in support of the alleged antiquity of certain imported works of art.    The following quotations from the opinion, by Judge Barber, serve as authority for our present decision:

We think the office of these affidavits is mainly to show the good faith of the importer in making the claim of antiquity and to afford to the customs officers an effective basis for investigation as to that claim, if they desire to make it, so that such officers may determine whether or not a prima facie case of antiquity has been made.    It does not seem reasonable that the Secretary of the Treasury by these regulations designed to establish rules of evidence for litigating before the board or this court the question as to the fact of antiquity, if to be litigated, different or other than those applicable to other questions of fact.

\*         \*         \*         \*         \*         \*         \*

We think, in view of the purpose for which these affidavits were required to be furnished, in view of the fact that they are ex parte, and that they lack force as above pointed out, that it must be held that unsupported they do not warrant a reversal of the action of the collector, which is presumed to be correct.

In Hull *v.* United States (10 Ct. Cust. Appls. 211, T. D. 38556) the court passed upon an analogous question in relation to certain affidavits which were filed by the importers with the collectors under Treasury regulations, in support of a claim for the free entry of certain

merchandise as "American goods returned." The following quotations from the opinion in that case distinctly support our present view:

As already stated, the importer protested against the assessment and went to trial before the board. At the trial, however, he called but a single witness, and the testimony of this witness was mere hearsay which was absolutely lacking in probative value. The importer having thereupon rested his case the board decided against him because of a failure of proof on his part, as appears above. The importer, however, contends that he had fully complied with the requirements of the customs regulations, and that because of that fact he was entitled to a decision in his favor upon the record, since the Government submitted no proof to rebut the preliminary declarations and certificate. We thus come to the question as first above stated, whether at the trial before the board the collector's assessment enjoyed the presumption in its favor which ordinarily attends upon the assessment of duty by collectors, thus placing the usual burden of proof upon the importer, or whether in this case the importer was relieved of this burden by reason of his compliance with the regulations prescribed by the Secretary of the Treasury.

An examination of the former decisions of the courts will disclose that the question thus stated must be decided against the appellant upon the ground of stare decisis.

\*       \*       \*       \*       \*       \*       \*

In accordance with the foregoing authorities and upon a consideration of the underlying principles involved in the question, we conclude that the preliminary papers which importers are required by the regulations to file with the collector in support of a claim for free entry of merchandise under paragraph 404, *supra*, are simply intended to assist the collector in deciding upon the entry, and possess no conclusive or binding force upon his official action. And if in such case the collector for reasons which seem proper to him decides against the claim for free entry, and thereupon assesses duty upon the merchandise his decision in the first instance is presumed as in other cases to be correct, and upon the trial of a protest in such case the burden is cast upon the protestant as in other cases to establish by lawful evidence any and all facts upon which he relies to overcome that presumption.

Since in the present case the importer introduced no evidence possessing any probative force or value in support of the protest, the board was bound to overrule it, and the decision to that effect is accordingly affirmed.

In our view of the case as above presented the various questions which arose in the proceedings before the collector do not now require more specific discussion; nor do we think that the motion for a rehearing which was filed with the board by the importers should modify our foregoing decision.

We therefore *affirm* the decision of the board.