## SCHELLING *v.* UNITED STATES (No. 2611)[1]

REGULATIONS—SHORTAGE.

Article 608, Customs Regulations of 1915, as amended by T. D. 37813, 35 Treas. Dec. 192, prescribes the manner of making and proving a claim for shortage in unexamined cases. A reasonable regulation has the force of law and the reasonableness of this one is not challenged. The collector can not waive compliance with it. A claim for shortage not complying with the regulation was properly denied. Especially is this true in view of the fact that there is nothing to show what became of the missing goods or that they were imported or not.

United States Court of Customs Appeals, May 29, 1926

APPEAL from Board of United States General Appraisers, Abstract 48810

Appellant for himself.
*Charles D. Lawrence,* Assistant Attorney General (*Marcus Higginbotham,* special attorney, of counsel), for the United States.

[Oral argument May 14, 1926, by Mr. Schelling and Mr. Lawrence]

Before GRAHAM, Presiding Judge, and SMITH, BARBER, BLAND, and HATFIELD, Associate Judges

GRAHAM, Presiding Judge, delivered the opinion of the court:

The case at bar involves a protest filed by appellant with the collector at the port of New York, in and by which protest it is claimed certain lace curtains duly invoiced and entered, were short-shipped, and on account of which a refund of duty paid was requested. This protest was overruled by the collector, which ruling was duly sustained by the court below. Thereupon the importer appealed to this court.

The importer appears here without counsel and many of his pleadings are subject to technical objections. In view of the conditions existing, however, the court has carefully examined the record presented, with a view of determining as to the substantial merits of appellant's claims herein, under the law.

The material imported consisted of four cases of lace curtains, imported from Switzerland under the Tariff Act of 1922. No report of any deficiency was made by the appraiser as is provided in section 499 of said act, the particular case involved, No. 119, not having been examined by the appraiser.

The discharging inspector reported this case "disposed of in apparent good order." The shipment arrived at port May 3, 1923,

[1] T. D. 41691.

via S. S. *Westerner*.  On May 4 the goods were entered for consumption and a delivery permit was issued.  On May 9, at about 10.30 a. m., Walter E. Bolter, manager of the importer's business, received the case of goods in question at the dock where it then was and gave a receipt therefor, but made no examination of the contents of the case.  The case in question was brought from the dock to appellant's storeroom at 100 Fifth Avenue, New York City, by a truckman in the employ of Hensel, Bruckmann & Lorbacher, who was not called to testify in the court below.  When the goods arrived at appellant's storeroom is left in doubt by the record.  The witness Bolter stated that 14 days elapsed between the time he saw the case of goods at the dock and the time of arrival at the storeroom. The appellant, in his application for rehearing, swears that the witness meant by this to. say 14 days between the arrival of the goods at port and their delivery at appellant's storeroom.  There appears in the files, however, an affidavit of shortage, signed and sworn to by one L. A. Hamilton, who styles himself attorney for appellant, and who therein states that the goods were received at appellant's storeroom May 9, 1923, and which affidavit was filed May 11.

From this record, we are inclined to the view that the goods were received by appellant at his storeroom on May 9.  The case was opened at once thereafter and the goods in question were missing. There is no other testimony in the record, and no facts are before us which indicate, in any way, what became of the missing goods or whether they were, in fact, imported.

The Customs Regulations of 1915, article 608, as amended by T. D. 37813, 35 Treas. Dec. 192, in force at the time of this entry, provided:

There shall be no allowance for shortage in an unexamined case unless claim of shortage is made within two days from its discovery, and evidence satisfactory to the collector is produced that the missing articles were not landed within the United States.  Such evidence shall consist of (a) affidavit of the cartman that the packages were intact and there was no abstraction of the merchandise while the packages were in his possession; (b) affidavit of the employee of the importer who opened the package that the shortage was found by him, and that he did not find the missing articles in any other package; (c) affidavit of the importer, owner, or ultimate consignee that the goods claimed short were not received by him or for his account, and that he believes that they were not imported; (d) a copy of the claim, if any, made upon the shipper for credit on the account of the shortage, and the reply thereto, if any has been received.

The reasonableness of this regulation is not challenged and it will, therefore, be assumed to have the force of law.  *Spencer, Kellogg & Sons* v. *United States*, 13 Ct. Cust. Appls. 612, T. D. 41459; *Penick & Ford* v. *United States*, 12 Ct. Cust. Appls. 432.  The collector could not waive these regulations.  *Kronfeld, Saunders & Co.* v. *United States*, 4 Ct. Cust. Appls. 60.

An inspection of the record discloses that the appellant totally failed to comply with the provisions of this regulation and it follows that the collector had no power, in the absence of such compliance, to grant the refund requested. It was not a matter of the justice or injustice of appellant's claim, but rather a matter wherein the collector could not, legally, act, except as he did.

The reason for such a regulation is apparent from a contemplation of this record. Here the loss might have occurred upon the dock, while in the custody of the truckman, or otherwise, for anything that appears. In such a case no one would contend the Government should be held, to any degree, responsible. It was to provide for such cases, Article 608 was promulgated.

The judgment of the Board of General Appraisers (now the United States Customs Court) is *affirmed.*