649

No. 45897.—Protest 48359–K of Geigy Co. (New York).

Opinion by KEEFE, J. The Government conceded that there was an error in the weight on which duty was assessed. The protest was therefore sustained.

No. 45898.—Protest 49911–K of Philipp Brothers, Inc. (New York).

Opinion by KEEFE, J. The protest was sustained in accordance with stipulation of counsel.

No. 45899.—Protest 22954–K of M. H. Nahigian, Inc. (New York).

Opinion by KEEFE, J. There was no proof that the rug was actually short-shipped. On the record presented the protest was overruled. *Borgfeldt* v. *United States* (11 Ct. Cust. Appls. 421, T. D. 39433) cited.

No. 45900.—Protest 51389–K of Schenley Import Corp. (New York).

Opinion by KEEFE, J. It was held that an allowance should be made on 39 bottles which were broken.

No. 45901.—Protest 17188–K of Stone & Downer Co. (Boston).

Opinion by KEEFE, J. In accordance with stipulation of counsel and on the authority of *Stokby* v. *United States* (4 Cust. Ct. 343, C. D. 358) it was held that 10 percent allowance should have been made for the weight of the gelatinous material in question.

No. 45902.—Protest 27432–K (A) of Stone & Downer Co. (Boston).

Opinion by KEEFE, J. In accordance with stipulation of counsel and on the authority of *Stokby* v. *United States* (4 Cust. Ct. 343, C. D. 358) it was held that 10 percent allowance should have been made for the weight of the gelatinous material in question.

No. 45903.—Protest 38971–K of Robert E. Miller, Inc. (Philadelphia).

Opinion by KEEFE, J. It was stipulated that the commodity in question is composed in chief value of ginger and not in chief value of manufactured sugar. It was therefore held not subject to the tax under the Internal Revenue Code of 1939, section 3500 (3), T. D. 49814.