**No. 48507.**—Protests 831937–G, etc., of D. Kelman, Inc., et al. (New York).

Opinion by KEEFE, J. It was stipulated that certain of the cheese in question is similar to that involved in *Scaramelli* v. *United States* (9 Cust. Ct. 270, C. D. 706, and Abstract 42146). As to this merchandise the collector was directed to reliquidate, allowing 2½ percent in the weight thereof. Protests sustained to this extent.

**No. 48508.**—Protests 821718–G, etc., of Wm. Faehndrich, Inc. (New York).

Opinion by KEEFE, J. It was stipulated that certain of the cheese in question is similar to that involved in *Scaramelli* v. *United States* (9 Cust. Ct. 270, C. D. 706, and Abstract 42146). As to this merchandise the collector was directed to reliquidate, allowing 2½ percent in the weight thereof. Protests sustained to this extent.

**No. 48509.**—Protests 602763–G, etc., of Paolo Alonge & Bro. et al. (New York).

Opinion by KEEFE, J. It was stipulated that certain of the cheese in question is similar to that involved in *Scaramelli* v. *United States* (9 Cust. Ct. 270, C. D. 706, and Abstract 42146). As to this merchandise the collector was directed to reliquidate, allowing 2½ percent in the weight thereof. Protests sustained to this extent.

**No. 48510.**—Protests 96838–K, etc., of Wm. A. Higgins & Co., Inc. (New York).

Opinion by KEEFE, J. At the trial the Government inspectors who examined and weighed the merchandise on the pier testified that 30 bags and 11 bags, respectively, were weighed and delivered. Since the plaintiff failed to introduce competent evidence to establish that the goods claimed short were not actually landed the protests were overruled.

**No. 48511.**—Protest 95448–K of Italian Furniture Frames Corp. (New York).

Opinion by KEEFE, J. At the trial the examiner testified that in case 398 two sofa fronts in excess were found and there was nothing to indicate that they were contained in other cases on the invoice. The plaintiff testified there were two sofa fronts missing in case 399, but as the invoice contained all of the merchandise shipped he did not think it necessary to file a claim for shortage. In view of *Borgfeldt* v. *United States* (11 Ct. Cust. Appls. 421, T. D. 39433), since the burden of proving that there had been a nonimportation was not met by competent evidence on behalf of the importer the protest was overruled, the court stating that the importers may not submit their protests to this court without any supporting testimony to establish that the missing articles were not in fact landed in this country.