(C. D. 868)

B. ALTMAN & CO. *v*. UNITED STATES

## United States Customs Court, Third Division

(Decided July 22, 1944)

*Marlow & Hines* for the plaintiff.

*Paul P. Rao,* Assistant Attorney General (*William J. Vitale,* special attorney), for the defendant.

Before CLINE, KEEFE, and EKWALL, Judges

KEEFE, Judge: This case relates to the alleged shortage in two cases of linen goods, it being specifically claimed that duties should not have been assessed on 14 dozen towels 15/22 No. 165 and on 12 dozen towels 20/34 No. 165 invoiced as contained in case B. A. C. 510, for the reason that the foregoing merchandise was either short shipped or stolen and not actually imported into this country.

Counsel for the plaintiff and the defendant entered into a stipulation submitting the case upon the record, it being agreed, however, that the affidavits contained in the official papers should be considered merely for the purpose of showing compliance with article 813 of the Customs Regulations of 1937.

Section 499 of the Tariff Act of 1930, as amended by the Customs Administrative Act of 1938, provides, so far as here applicable, as follows:

SEC. 499. EXAMINATION OF MERCHANDISE.

\* \* \*. If a deficiency is found in quantity, weight, or measure in the examination of any package, report thereof shall be made to the collector, who shall make allowance therefor in the liquidation of duties.

Article 813 of the Customs Regulations of 1937, applicable to the present situation, provides as follows:

Art. 813. Deficiencies in contents of packages.—\* \* \*

(c) There shall be no allowance for shortage in an unexamined package unless claim of shortage is filed with the collector within ten days from its discovery and evidence satisfactory to the collector is produced that the missing articles were not landed within the United States. Such evidence shall consist of (1) affidavit of the cartman, lighterman, or other carrier handling the shipment between the place of landing and the place of delivery, that the packages were in good order at the time of receipt and delivery by him and there was no abstraction of the merchandise while the packages were in his possession; (2) affidavit of the employee of the importer who opened the package that the shortage was found by him, the date of its discovery, and that he did not find the missing articles in any other package; (3) affidavit of the importer, owner, or ultimate consignee that the goods claimed short were not received by him or for his account, and that he believes that they were not imported; (4) a copy of the claim, if any, made upon the shipper for credit on account of the shortage, and the reply thereto, if any has been received.

The plaintiff points out that article 813 (c), *supra,* expressly provides relief upon the production of an affidavit of the carrier handling

the shipment between place of landing and place of delivery indicating the condition of the merchandise; an affidavit of the person finding the shortage and an affidavit of the importer together with a copy of the claim made upon the shipper and reply if received. And it is contended that, inasmuch as the regulation prescribes what evidence of loss shall be provided, the collector, upon receipt thereof, is in possession of "evidence satisfactory to the collector" that the missing articles were not landed within the United States. In other words, the plaintiff contends that if the evidence prescribed by the regulations is received by the collector and is of such character as the foregoing regulation indicates "the collector *should have been* 'satisfied' and that he should have allowed the claim in liquidation of the entry" (plaintiff's brief, page 4). The plaintiff relies solely upon *United States* v. *Borgfeldt*, 11 Ct. Cust. Appls. 129, T. D. 38934, and argues that so far as the facts are concerned that case is "substantially identical" with the case at bar.

The Government contends that the plaintiff has failed to prove its case because it has presented nothing to overcome the collector's presumption of correctness; that evidence before the collector is not necessarily evidence before this court, and inasmuch as it was agreed that the affidavits filed under article 813, *supra*, were to be considered only for the purpose of showing compliance with the regulations, the case relied upon by the plaintiff is not in point.

The *Borgfeldt* case, *supra*, is not applicable here. There the affidavits filed in accordance with the regulations were inadvertently not considered by the collector. When the protest was before the Board of General Appraisers it was submitted on the record including the affidavits and it was held that inasmuch as the importer had complied with the regulations the claim for shortage should be allowed. The appellate court upheld the action of the lower court upon the theory that as the Government and importers submitted the case upon the record, including the affidavits, the board was entitled to take them into consideration and give them such weight as it deemed proper.

In the case before us the collector was not satisfied that the loss occurred before unlading, and even though the affidavits required by the regulations were filed, the collector refused to grant a refund of duties. Upon the collector's refusal to accede to the protest, in accordance with law he forwarded the protest and all the papers to this court for action upon the issue, to wit, whether or not there was a nonimportation of the merchandise claimed short by the importer. That is the only question before the court.

In a later case (*Borgfeldt* v. *United States*, 11 Ct. Cust. Appls. 421, T. D. 39433) the issue related to alleged shortages in certain packages of goods and a refund was claimed upon the ground of nonimporta-

tion. The collector rejected the importer's claims. A protest was filed. No other evidence was submitted before the board than the affidavits filed with the collector in an attempted compliance with the regulations upon which the collector had reported that his office "was not satisfied there was a nonimportation." The board ruled that the affidavits were part of the proceedings had before the collector and therefore should be retained as such in the files of the case. It was held, however, that such affidavits were not competent evidence upon the issue of nonimportation then before the board and as no other evidence of any kind was offered by either party the protest was overruled. (See G. A. 8519, T. D. 39074.) Upon appeal, our appellate court was in accord with the decision of the lower court, stating in its decision that "the major issue at the trial before the board would nevertheless be whether in fact there had been a nonimportation of part of the invoiced and entered merchandise." As to the earlier case of *Borgfeldt, supra,* relied upon by the plaintiff, the court stated:

\* \* \*. The burden of proof upon that issue rested upon the importers; nevertheless they submitted no competent evidence whatever in support of their contention. The affidavits of the cartmen and others, which were filed with the collector when the claims were presented to him, were properly forwarded to the board as part of the proceedings before the collector, and were properly retained by the board among the files of the case, but at the trial before the board they were not competent evidence of the facts stated in them. This statement finds no contradiction in our decision in United States *v.* Borgfeldt & Co. (11 Ct. Cust. Appls. 129; T. D. 38934) which is relied upon by the importers. At the trial of that case the parties by express stipulation submitted the issue to the board "on the record." In view of this submission it was held that the preliminary affidavits which had been filed with the collector, and had been forwarded by him to the board as part of the record, might be accepted and considered by the board as evidence in the case. \* \* \*. In the present instance, it will be remembered, the issue was not submitted to the board for a decision "on the record," for the Government objected to the admission of the affidavits as evidence, and insisted upon lawful proof of the importers' claims.

There also the importer contended that when the claims and affidavits were filed with the collector it became his imperative duty under the regulations to grant the allowances thus demanded, and that his failure to do so was a manifest error which, without proof other than the affidavits, should induce the board to reverse the collector's decision. As to the importer's view of the issue there presented, our appellate court stated:

We do not think that this statement correctly defines the issue which came before the board for trial. In the first place, when the preliminary affidavits were filed with the collector he was not bound to accept them as conclusive proof of the facts stated in them. For he was entitled to seek other information upon the subject, and he might become convinced that the affidavits were in fact incorrect. In that case they would not constitute "evidence satisfactory to the collector," such as is required by the language of the regulations; and the collector would then be bound

to act according to his best judgment upon all the information before him. His decision in such a case, as in other cases, would be presumed to be correct. And therefore when the collector disallowed the claims in question and his decision was challenged by protest, *the ultimate issue thereby presented to the board for trial was whether in fact there was a nonimportation as claimed by the importers. Upon that issue the burden of proof clearly rested upon the protestants.* [Italics ours.]

In view of the foregoing decision of our appellate court upon the issue here involved, which was decided adversely to the contentions of the plaintiff, judgment will be entered in favor of the Government.