BEFORE THE THIRD DIVISION, JUNE 16, 1945

**No. 50268.**—Protest 103943–K of John H. Jones (Mobile).

KEEFE, Judge: This case involves shortage of three bales of wool imported from Australia. The collector at Mobile, Ala., the port of entry, assessed duty thereon because the importer failed to file notice of short shipment, as provided in article 812, Customs Regulations of 1937, on customs Form 4311, which the collector had mailed to him, and indicating thereon that the customs inspector had reported three bales of wool short landed.

At the hearing in Philadelphia, a partner of the firm of William Hepworth & Sons, dealers in wool, testified that his company was the importer of the wool, and John H. Jones, the plaintiff herein, was their broker engaged to enter the merchandise at Mobile; that out of a shipment of 498 bales of wool only 495 bales were received; and that claims for indemnity were filed against the steamship company and also the insurance company for the shortage. Correspondence was admitted in evidence establishing that the short shipment was acknowledged and that insurance was paid in the sum of $471.55, representing the average insured value of the three bales.

At a later hearing in New York, evidence in the form of interrogatories and cross-interrogatories propounded to John H. Jones of Mobile, Ala., was admitted as exhibit 3. The affiant states therein that he received only 495 bales of wool out of a shipment of 498 bales and that the missing bales had never been received by him or by anyone for his account. He further stated that the notice of short shipment purported to have been mailed to him by the collector was never received and he was later unsuccessful in inducing the collector to mail him a duplicate of the original notice; and that he attempted to file a notice of short shipment but the collector refused to accept it because the time for filing the same had expired. The notice of short shipment is now in evidence, being attached to and made a part of exhibit 2.

Article 812, Customs Regulations of 1937, reads as follows:

* * * No allowance will be made in the assessment of duties for lost or missing packages appearing on the entry, unless shown by the report of the discharging officer not to have been landed, and unless the importer shall make affidavit on customs Form 4311 and file same with the collector within 30 days after the date of written notice of shortage (customs Form 4311), which the collector shall mail to the importer immediately upon report of the shortage to him. Such affidavits must be stamped with the date of receipt at the customhouse.

*     *     *     *     *     *     *

From the evidence before us it is clear that the three bales of wool were never imported into the United States. The shortage of these three bales constitutes a shortage under the law. In the case of *Marriott* v. *Brune*, 9 How. 619, the Supreme Court held that when a portion of a shipment does not arrive it cannot be taxed on any ground of law or of truth and propriety. In *Borgfeldt & Co.* v. *United States*, 11 Ct. Cust. Appls. 421, T. D. 39433, the affidavit of short shipment was filed with the collector after the time fixed in the regulations for filing the same. When the case was before the board the affidavits, being a part of the proceedings before the collector, were held to be properly retained with the papers before the board but that they were not competent evidence upon the issue of nonimportation. The appellate court was in accord with the board's decision, stating that "the major issue at the trial before the board would nevertheless be whether in fact there had been a nonimportation of part of the invoiced and entered merchandise." In *Joseph Dixon Crucible Co.* v. *United States*, 14 Cust. Ct. 71, C. D. 914, this court held that the issue in shortage cases is

whether or not there is in fact a nonimportation, and the importer's filing of affidavit of shortage, in compliance with the regulations, is immaterial.

Inasmuch as the evidence before us is uncontradicted that there was actually a shortage of three bales of wool, in view of the decisions cited, we hold that the importer is entitled to a refund in duties taken upon said three bales of wool not landed. Judgment will therefore be entered in favor of the plaintiff directing the collector to reliquidate the entry and make refund accordingly.