**No. 50386.**—Protest 97963–K of Italian Furniture Frames Corp. (New York).

Opinion by Ekwall, J.   At the trial plaintiff testified that the merchandise in question was found by him in an unexamined case but admitted that he did not claim shortage on the public store case.   Government counsel contended that due to noncompliance with article 813, Customs Regulations of 1937, governing shortage in unexamined packages, there can be no recovery herein.   Under the rulings laid down in *Joseph Dixon Crucible Co.* v. *United States* (14 Cust. Ct. 71. C. D. 914, and Abstract 50268, it was found that the importer's failure to comply with the regulations does not preclude him from recovery where, as in the instant case, sufficient evidence has been produced to sustain the claim that the merchandise found in excess was enumerated on an invoice in an unexamined case and that duty was paid upon the same.   The protest was therefore sustained.

**No. 50387.**—Protest 97965–K of Italian Furniture Frames Corp. (New York).

Opinion by Ekwall, J.   At the trial Government counsel, citing the case of *Schelling* v. *United States* (14 Ct. Cust. Appls. 159, T. D. 41691), claimed that the importer's claim should be disallowed due to noncompliance with the customs regulations.   Since that decision it has been held that in shortage cases the issue before the court is whether or not there is in fact a nonimportation and compliance with the regulations is not a condition precedent to recovery.   Under the rulings laid down in *Joseph Dixon Crucible Co.* v. *United States* (14 Cust. Ct. 71, C. D. 914), and Abstract 50268, and in view of the fact that plaintiff's proof in the instant case was sufficient to sustain the claim that the merchandise found in excess was enumerated on the invoice in an unexamined case, duty being paid upon the same, the protest was sustained.

**No. 50388.**—Protests 51637–K, etc., of William Liddell & Co. et al. (New York).

Opinion by Ekwall, J.   In accordance with stipulation of counsel the court found that the facts herein agreed upon were such as to bring the case within the holding in *John Barr* v. *United States* (11 Cust. Ct. 88, C. D. 801), which record was incorporated herein.   (See *John Barr* v. *United States*, 324 U. S. 83, decided February 5, 1945.)   In accordance therewith it was held that the currency of the invoices should be converted at the buying rate in the New York market

at noon on the day of exportation (the "free" rate of exchange for pounds sterling), as certified by the Federal Reserve bank and set forth by the collector on each of the entries. The protests were sustained to this extent.

**No. 50389.**—Protests 54531–K, etc., of Jerome V. Detmer et al. (New York).

Opinion by EKWALL, J. In accordance with stipulation of counsel the court found that the facts herein agreed upon were such as to bring the case within the holding in *John Barr* v. *United States* (11 Cust. Ct. 88, C. D. 801), which record was incorporated herein. (See *John Barr* v. *United States*, 324 U. S. 83, decided February 5, 1945.) In accordance therewith it was held that the currency of the invoices should be converted at the buying rate in the New York market at noon on the day of exportation (the "free" rate of exchange for pounds sterling), as certified by the Federal Reserve bank and set forth by the collector on each of the entries. The protests were sustained to this extent.

**No. 50390.**—Protests 67544–K, etc., of H. Jacobs & Sons, Inc., et al. (New York).

Opinion by EKWALL, J. In accordance with stipulation of counsel the court found that the facts herein agreed upon were such as to bring the case within the holding in *John Barr* v. *United States* (11 Cust. Ct. 88, C. D. 801), which record was incorporated herein. (See *John Barr* v. *United States*, 324 U. S. 83, decided February 5, 1945.) In accordance therewith it was held that the currency of the invoices should be converted at the buying rate in the New York market at noon on the day of exportation (the "free" rate of exchange for pounds sterling), as certified by the Federal Reserve bank and set forth by the collector on each of the entries. The protests were sustained to this extent.

**No. 50391.**—Protests 57201–K, etc., of Decorative Crafts, Inc., et al. (New York).

Opinion by EKWALL, J. Following the authorities cited in Abstract 15400 the court dismissed the protests.

**No. 50392.**—Protests 90532–K, etc., of Butler Brothers et al. (Baltimore, etc.).

Opinion by EKWALL, J. Following the authorities cited in Abstract 15400 the court dismissed the protests.

**No. 50393.**—Protest 95171–K of C. H. Powell Co., Inc. (New York).

Opinion by EKWALL, J. Following the authorities cited in Abstract 15400 the court dismissed the protest.

**No. 50394.**—Protests 107801–K, etc., of Traders Distributing Co. et al. (San Francisco, etc.).