UNITED STATES *v.* CANADA DRY GINGER ALE, INC. (No. 4530) [1]

---

[1] C. A. D. 337.

United States Court of Customs and Patent Appeals, May 7, 1946

*Paul P. Rao,* Assistant Attorney General (*Joseph F. Donohue* and *Sybil Phillips,* special attorneys, of counsel), for the United States.
*Barnes, Richardson & Colburn* (*J. Bradley Colburn* of counsel) for appellee.

[Oral argument April 2, 1946, by Mr. Donohue and Mr. Colburn]

Before GARRETT, Presiding Judge, and BLAND, HATFIELD, JACKSON, and O'CONNELL, Associate Judges

JACKSON, Judge, delivered the opinion of the court:

This is an appeal from a judgment of the United States Customs Court, Third Division, Abstract 50424, sustaining two protests of appellee against decisions of the Collector of Customs at the port of New York assessing duty upon the invoiced and entered quantities of liquor imported by appellee.

It is claimed in the protests that duty should not have been assessed on portions of the merchandise alleged to have been short shipped, and therefore not imported.

The alleged shortage consisted of 12 cases of Johnnie Walker Black Label Scotch Whisky in Warehouse Bond Entry No. 18,369, protest 104,797–K; 1 case of Red Label Whisky in Warehouse Bond Entry No. 24,488, and 1 case of whisky in Warehouse Bond Entry No. 24,504, protest 105,236–K.

The goods covered by entry No. 18,369, dated June 2, 1942, arrived in port May 30, 1942, and the report of the discharging inspector is dated June 10, 1942; those covered by entry No. 24,488, dated December 17, 1942, arrived on December 13, 1942, and the inspector's report bears date of December 22, 1942; and entry No. 24,504, dated December 18, 1942, covers goods arriving on December 13, 1942, and the inspector's report is dated December 28, 1942.

The collector in his reports stated that he denied the claims of the protests for the reason that he was not satisfied as to the shortage because appellee had failed to file the affidavits required under article 812 of the Customs Regulations of 1937. The collector also reported each of the entries to have been stamped showing the date of mailing of notice of short shipment to appellee accompanied by blank affidavits to be filled out by it.

In view of our conclusion it is not necessary to set out in detail the record before the trial court. It will suffice to state that one witness,

a warehouse superintendent, appeared for appellee and testified that the cases claimed to be short had not been received, and the reports of the inspectors of customs in which it was indicated that the quantities claimed to be short were either "not landed and not found" or "manifested but not found," were received in evidence. The Government presented no evidence.

The trial court held that appellee had established its claims, denied the contention of the Government that the failure of appellee to comply with article 812 prohibited a decision in its favor, and sustained the protests following the decision in *Joseph Dixon Crucible Co.* v. *United States*, 14 Cust. Ct. 71, C. D. 914.

The judgment appealed from must be reversed for the reason that, in our opinion, appellee is not entitled to recover because of its failure to comply with the aforesaid customs regulation, the validity or reasonableness of which is not questioned.

Article 812 of the Customs Regulations of 1937 reads as follows:

Art. 812. Packages.—No allowance will be made in the assessment of duties for lost or missing packages appearing on the entry, unless shown by the report of the discharging officer not to have been landed, and unless the importer shall make affidavit on customs Form 4311 and file same with the collector within 30 days after the date of written notice of shortage (customs Form 4311), which the collector shall mail to the importer immediately upon report of the shortage to him. Such affidavits must be stamped with the date of receipt at the customhouse. The foregoing shall not apply in the case of merchandise arriving under an I. T. entry when the shortage is one for which the bonded carrier is responsible under its bond.

The Government does not contend that article 812 is based on any other than the general authority of section 624 of the Tariff Act of 1930, which reads:

SEC. 624. GENERAL REGULATIONS.

In addition to the specific powers conferred by this Act, the Secretary of the Treasury is authorized to make such rules and regulations as may be necessary to carry out the provisions of this Act.

The decisions of the United States Customs Court and its predecessor, the Board of General Appraisers, have consistently held regulations substantially similar to that here involved to be merely directions to the collector and not to preclude the offering of proof before the court whether or not the importer had shown compliance with such regulations. Since the decision of this court in the case of *Borgfeldt & Co.* v. *United States*, 11 Ct. Cust. Appls. 421, T. D. 39433, the trial court has cited it as authority for receiving evidence of shortage at the trial irrespective of compliance with customs regulations.

The Government contends that that case is not determinative of the instant issue, which is whether the observance of article 812 is a condition precedent to the exercise of the right to recover duty paid on short-shipped merchandise.

In the *Dixon Crucible* case, *supra*, the question of shortage in invoiced and entered quantities of graphite was involved, and failure to comply with article 812 was relied upon by the Government. The court expressed doubt as to whether that article was promulgated pursuant to section 624 because the latter authorizes only such rules and regulations as may be necessary to carry out the provisions of the act, and since there is no specific provision to be carried out by the regulation it would appear that there is no authority for it unless the principles announced in the case of *Marriott* v. *Brune*, 9 How. 619, be considered part of the tariff law. The court stated that the article seems to have been promulgated in view of that case rather than an enactment by Congress. It held that section 624 "may be regarded as granting powers broad enough to embrace the regulation in question" under the rule of legislative adoption of judicial interpretation. The court then stated that it appears that in the *Borgfeldt* case the principle was properly announced

that the issue in shortage cases is whether or not there was actually a nonimportation, and that the importer is called upon to establish the fact of nonimportation before the court. The courts are not concerned with the importer's compliance with administrative regulations and evidence may be presented before this court to establish shortage even though the importer failed to comply with article 812, *supra*.

In the *Borgfeldt* case the issue was different from that presented here. The alleged shortages in certain packages of goods on which refund was claimed on the ground of nonimportation related to packages which had not been examined by the appraiser. The claims were governed by article 608 of the Customs Regulations of 1915 as amended November 18, 1918, T. D. 37813. In accordance with that regulation claim of shortage was required to be made within 2 days from its discovery and the collector satisfied by evidence that the missing articles were not landed within the United States. The evidence required consisted of affidavits from the cartman, the employee of the importer who opened the packages, and the importer or someone on his behalf that the goods claimed short had not been received, and a copy of the claim, if any, made upon the shipper for credit because of the shortage and the reply thereto, if any had been received. The importers had filed with the collector their claim of shortage together with affidavits of cartman and employees, but the collector refused to make any allowance, stating that, because of delay in filing the claim beyond the 2-day limit set out in the regulation after discovery of the shortages and the lack of a copy of any claim upon the shipper for any credit, his office "was not satisfied there was a non-importation." The only record before the board consisted of the invoice papers and exhibits connected therewith, including the affidavits filed by the importers. No other evidence was offered by either

party. At the trial the Government objected to the affidavits being considered as evidence, and the board overruled the protest. This court affirmed the decision of the board, stating

We think that even if it be granted that the importers had complied with each and all of the preliminary requirements which were prescribed by the regulations, the major issue at the trial before the board would nevertheless be whether in fact there had been a non-importation of part of the invoiced and entered merchandise. * * *

The importers contended that they had sustained their burden of proof merely by establishing their compliance with the regulations, and therefore it was the imperative duty of the collector to grant the claimed allowances, and his failure to do so was a manifest error. This court on appeal pointed out that the collector was not bound to accept the affidavits as conclusive proof of the facts stated therein, that he could believe that the affidavits were in fact incorrect and therefore they could not constitute "evidence satisfactory to the collector" as required by the regulation, and he would be obliged to act according to his best judgment upon the information before him. His decision, of course, would be presumed to be correct, and his disallowance of the claims properly challengeable by protest. Then, of course, the issue presented to the board for trial was whether in fact there was an actual nonimportation, as claimed.

The opinion in the *Borgfeldt* case does not hold that it is unnecessary to comply with the regulation.

Of course, it is elementary that no duty attaches to merchandise which may be invoiced but which in fact never arrives in port. However, it is just as elementary that all dutiable goods are subject to assessment, and it is the office of the collector of customs to see that duty on all such merchandise is paid.

Since neither the validity nor the reasonableness of the article has been challenged here it has the force and effect of law, and is binding upon the collector. He was compelled to deny the allowance claimed by appellee by reason of the regulation. As was stated in the case of *Schelling* v. *United States*, 14 Ct. Cust. Appls. 159, T. D. 41691, "It was not a matter of the justice or injustice of appellant's claim, but rather a matter wherein the collector could not, legally, act, except as he did." Therefore under the facts here his decision was not erroneous and successfully challengeable by protest unless appellee had complied with the regulation.

The Government in its brief attacks for the first time the sufficiency of appellee's proof. In view of what has been said, it is not necessary to discuss that question.

For the reasons herein stated, the judgment appealed from is *reversed.*