No. 50968.—Protests 109331–K, etc., of John Arconti et al. (Los Angeles, etc.).

Opinion by OLIVER, P. J. Following the authorities cited in Abstract 15400 the court dismissed the protests.

BEFORE THE THIRD DIVISION, MARCH 28, 1946

No. 50969.—Protests 38325–K, etc., of Edward Boote et al. (New York).

Opinion by KEEFE, J. At the trial it was stipulated that the merchandise consists of oatmeals or oatmeal saucers, puree cups, or chowder cups the same in all material respects as those passed upon in *Copeland & Thompson* v. *United States* (12 Cust. Ct. 85, C. D. 833) and *Johnson Bros.* v. *United States* (15 id. 113, C. D. 955). In accordance therewith the merchandise was held dutiable as claimed.

No. 50970.—Protests 64224–K, etc., of Copeland & Thompson, Inc., et al. (New York).

Opinion by KEEFE, J. At the trial it was stipulated that the merchandise consists of oatmeals or oatmeal saucers the same in all material respects as those passed upon in *Copeland & Thompson* v. *United States* (12 Cust. Ct. 85, C. D. 833). In accordance therewith the merchandise was held dutiable as claimed.

No. 50971.—Protest 100211–K of Olavarria & Co., Inc. (New York).

Opinion by KEEFE, J. At the trial the importer's oath of short shipment and the United States weigher's return of weight were offered in evidence. The affidavit of short shipment was admitted in evidence for the sole purpose of establishing that it had been filed in accordance with the regulations. An examination of the entry papers disclosed that the collector assessed duty upon the basis of the net weight of 3,633 bags of sugar. The weigher found a net weight for the 3,624 bags as 358,924 pounds. From the weight thereof, the average net weight of the nine missing bags was estimated at a total of 891 pounds, bringing the total net weight of the shipment up to 359,815 pounds. No attempt was made by the plaintiff to establish that the nine bags of sugar were not landed in the United States or received by the company. It was held that the plaintiff had failed to overcome the presumption of correctness attaching to the collector's action. (*Altman* v. *United States*, 13 Cust. Ct. 56, C. D. 868, followed.) The protest was therefore overruled.