**No. 50972.**—Protest 100291–K of Olavarria & Co., Inc. (New York).

Opinion by KEEFE, J.   At the trial the importer's oath of short shipment was admitted in evidence for the sole purpose of establishing that it had been filed in compliance with the regulations.   No attempt was made by the plaintiff to establish that there actually had been a nonimportation of the four bags of sugar in question.   It was held that the plaintiff had failed to overcome the presumption of correctness attaching to the collector's action.   (*Altman* v. *United States*, 13 Cust. Ct. 56, C. D. 868, followed.)   The protest was therefore overruled.

**No. 50973.**—Protest 13349–K of Balfour, Guthrie & Co., Ltd. (Philadelphia).

Opinion by KEEFE, J.   From an examination of the papers the court was unable to find anything sufficient to overcome the action of the collector, which was presumptively correct.   The protest was therefore overruled.

**No. 50974.**—Protests 41995–K, etc., of Hutzler Bros. Co. et al.   (Baltimore).

Opinion by EKWALL, J.   In accordance with stipulation of counsel the court found that the facts herein agreed upon were such as to bring the case within the holding in *John Barr* v. *United States* (11 Cust. Ct. 88, C. D. 801), which record was incorporated herein.   (See *John Barr* v. *United States*, 324 U. S. 83, decided February 5, 1945.)   In accordance therewith it was held that the currency of the invoices should be converted at the buying rate in the New York market at noon on the day of exportation (the "free" rate of exchange for pounds sterling), as certified by the Federal Reserve bank and set forth by the collector on each of the entries.   The protests were sustained to this extent.

**No. 50975.**—Protests 42803–K, etc., of Davey's et al. (Los Angeles).

Opinion by EKWALL, J.   In accordance with stipulation of counsel the court found that the facts herein agreed upon were such as to bring the case within the holding in *John Barr* v. *United States* (11 Cust. Ct. 88, C. D. 801), which record was incorporated herein.   (See *John Barr* v. *United States*, 324 U. S. 83, decided February 5, 1945.)   In accordance therewith it was held that the currency of the invoices should be converted at the buying rate in the New York market at noon on the day of exportation (the "free" rate of exchange for pounds sterling), as certified by the Federal Reserve bank and set forth by the collector on each of the entries involved.   The protests were sustained to this extent.

**No. 50976.**—Protest 50123–K/89988 of Wilson Sporting Goods Co. (Chicago).

Opinion by Ekwall, J.   In accordance with stipulation of counsel the court found that the facts herein agreed upon were such as to bring the case within the holding in *John Barr* v. *United States* (11 Cust. Ct. 88, C. D. 801), which record was incorporated herein.   (See *John Barr* v. *United States*, 324 U. S. 83, decided February 5, 1945.)   In accordance therewith it was held that the currency of the invoice should be converted at the buying rate in the New York market at noon on the day of exportation (the "free" rate of exchange for pounds sterling), as certified by the Federal Reserve bank and set forth by the collector on the entry.   The protest was sustained to this extent.

**No. 50977.**—Protest 74531–K of Reichard Coulston, Inc. (Boston).

Opinion by Ekwall, J.   In accordance with stipulation of counsel the court found that the facts herein agreed upon were such as to bring the case within the holding in *John Barr* v. *United States* (11 Cust. Ct. 88. C. D. 801), which record was incorporated herein.   (See *John Barr* v. *United States*, 324 U. S. 83, decided February 5, 1945.)   In accordance therewith it was held that the currency of invoice 1224 covered by entry 11252 should be converted at the buying rate in the New York market at noon on the day of exportation (the "free" rate of exchange for pounds sterling), as certified by the Federal Reserve bank and set forth by the collector on the entry.   The protest was sustained to this extent.

**No. 50978.**—Protests 946973–G, etc., of Geo. Borgfeldt Corp., et al. (New York).

Opinion by Ekwall, J.   Following the authorities cited in Abstract 15400 the court dismissed the protests.

BEFORE THE FIRST DIVISION, MARCH 29, 1946

**No. 50979.**—Protest 92253–K of Fung Chong Co. (San Francisco).

Opinion by Cole, J.   It was stipulated that certain items of the merchandise consist of a commodity the same in all material respects as that passed upon in *Quong Yuen Shing Co.* v. *United States* (31 C. C. P. A. 43, C. A. D. 247).   On the stipulated facts the merchandise, which includes salt as a substantial component part thereof, was excluded from paragraph 5 and held dutiable at 20 percent under paragraph 1558 as claimed.

**No. 50980.**—Protests 76423–K, etc., of Columbia Co. et al. (San Francisco).

Opinion by Cole, J.   It was stipulated that certain items of the merchandise