UNITED STATES *v.* WASHINGTON STATE LIQUOR CONTROL BOARD
(No. 4541) [1]

United States Court of Customs and Patent Appeals, November 4, 1946

*Paul P. Rao*, Assistant Attorney General (*Joseph F. Donohue* and *Richard F. Weeks*, special attorneys, of counsel), for the United States.
*Lawrence, Tuttle & Harper* (*Frank L. Lawrence* of counsel) for appellee.

[Oral argument October 1, 1946, by Mr. Donohue and Mr. Tuttle]

Before GARRETT, Presiding Judge, and BLAND, HATFIELD, JACKSON, and O'CONNELL, Associate Judges

O'CONNELL, Judge, delivered the opinion of the court:

This appeal is from a judgment of the United States Customs Court, Third Division, Abstract 50674, sustaining appellee's protest against the decision of the collector of customs and directing him to reliquidate the entry and make refund of all duties and internal

[1] C. A. D. 352.

revenue taxes assessed upon missing bottles of whisky which it is alleged were not landed from the importing vessel.

The claim for shortage was limited to five cases of the invoiced and entered merchandise, each of which, it is alleged, was found upon examination by the wharfinger on the dock to have been deficient in quantity to the extent described in the protest. The collector refused to allow appellee's claim for refund of duties for the stated reason that "None of the items claimed short on protest 17316 were reported short by the discharging Inspector."

The facts found by the court below are not against the weight of evidence and establish that the shortage claimed by appellee existed at the time of unloading from the vessel. That shortage, apparently through inadvertence, was not reported to the collector by the discharging officer, however, and appellee did not file the affidavit prescribed by the regulations because, according to the record, it had been the practice of the discharging officer to report such comparatively small shortages, allowance being made by the collector without an affidavit from the importer.

The Government contended in the court below that under article 813 (c) of the Customs Regulations of 1937 the appellee was not entitled to recover because of its failure to file the required affidavit within the time prescribed by the regulation, citing *Schelling* v. *United States*, 14 Ct. Cust. Appls. 159, T. D. 41691. The trial court having considered and reviewed the holding in that case, rendered judgment in favor of appellee.

Article 813 (c), *supra*, so far as pertinent to the point here in issue, provides:

(c) There shall be no allowance for shortage in an unexamined package unless claim of shortage is filed with the collector within ten days from its discovery and evidence satisfactory to the collector is produced that the missing articles were not landed within the United States.

The Government relies here solely upon the applicability and controlling effect of the decision of this court in the case of *United States* v. *Canada Dry Ginger Ale, Inc.*, 34 C. C. P. A. (Customs) 12, C. A. D. 337.

The basis of the Government's contention is that all reasonable and valid regulations promulgated by the Secretary of the Treasury have the force and effect of law; that their prescribed requirements cannot be waived by the collector or any other party; and that it is part of plaintiff's burden to prove compliance therewith as a condition precedent to recovery unless plaintiff successfully challenges and establishes that such regulations are unreasonable or contravene the respective provisions of the statute from which they are derived.

Appellee contends that the alleged error of the customs officer in failing to report the claimed shortage was properly challenged by

protest and the shortage established by the evidence produced at the trial of the case before the Customs Court on the issue of nonimportation. Appellee further contends that the decision in the case of *United States* v. *Canada Dry Ginger Ale, Inc., supra,* does not have the effect asserted by appellant and is therefore not controlling herein.

The basis of appellee's argument is that there is no statutory provision for allowance of shortage or nonimportation occurring in packages not examined and, therefore, general regulations promulgated by the Secretary of the Treasury, to the extent of their applicability, are binding on customs officers, but, as between them and the importer, it is well settled that the legality of all their decisions may be revised in the appropriate judicial tribunals, citing *Marriott* v. *Brune et al.* 9 How. 619; *Greely* v. *Thompson et al.,* 10 How. 225, 234.

There is no doubt that the contention of the Government as hereinbefore expressed represents the correct rule of law to be applied in the construction of a mandatory regulation promulgated by the Secretary of the Treasury under the special authority conferred upon him by a specific provision of the statute. That rule has no application, however, in the instant case which involves the issue of nonimportation of merchandise.

As effectively stated in the early decision in the case of *In re E. L. Goodsell Co.,* T. D. 18078, G. A. 3880, pages 468, 469—

> The following court decisions fully sustain the view that it is not the office of a treasury regulation to introduce conditions or limitations into customs laws which may unreasonably operate to defeat the rights of importers conferred unconditionally by an act of Congress: Siegfried *v.* Phelps, 40 Fed. Rep., 660; Merritt *v.* Welsh, 104 U. S., 694; Campbell *v.* United States, 107 U. S., 407; Balfour *v.* Sullivan, 17 Fed. Rep., 231; Bank *v.* Secretary of Treasury, 76 Fed. Rep., 743, 749.
>
> There are a few paragraphs only of the present tariff law (of 1894), a narrow and limited class, where Congress has seen fit to provide that particular kinds of merchandise should be admitted under restrictions imposed by the Secretary of the Treasury, which are in the nature of conditions and limitations. * * * Applying the maxim *Expressio unius est exclusio alterius,* which is a cardinal rule of statutory construction, the fair inference would seem to be that no like conditions or qualifications are authorized by law, under the form of regulations, to be attached to the other paragraphs of the tariff act, for the reason that they are excluded from this limited class on grounds that readily suggest themselves without elaborate mention.

The Circuit Court of Appeals, Second Circuit, in affirming the foregoing decision of the board, *United States* v. *E. L. Goodsell Co.,* 91 Fed. 519, expressly approved the doctrine therein enunciated.

In its contention that appellee should have proved compliance with article 813 (*c*) for the stated reason that it was a condition precedent to recovery, the Government has failed to distinguish between the force and effect of a mandatory regulation and one that is adminis-

trative, or directory, and promulgated by the Secretary of the Treasury under the general authority conferred upon him by section 624 of the Tariff Act of 1930. That contention was discussed and overruled in *United States* v. *Browne Vintners Co., Inc.*, 34 C. C. P. A. (Customs) 112, C. A. D. 351, Appeal No. 4531, decided concurrently herewith.

Appellee, having correctly pointed out that the decision in the case of *United States* v. *Canada Dry Ginger Ale, Inc.*, *supra*, is not applicable and of no controlling effect in this case for the reasons set forth in our decision in the case of *United States* v. *Browne Vintners Co., Inc.*, *supra*, and having sustained its burden of proof herein on the question of nonimportation, the judgment of the United States Customs Court is accordingly affirmed.