(C. D. 1112)

### E. L. Cuendet *v.* United States

### United States Customs Court, Third Division

(Decided May 28, 1948)

Plaintiff not represented by counsel.
*Paul P. Rao*, Assistant Attorney General (*Dorothy C. Bennett*, special attorney), for the defendant.

Before Cline, Ekwall, and Johnson, Judges

Johnson, Judge: This action arises by reason of the shortage in a case of music box instruments which the importer discovered in a shipment from Switzerland. The discharging inspector made no report of shortage. Nor was any shortage discovered by the appraiser when the contents were examined at the appraiser's stores for copper content.

At the trial the importer testified that there was no indication of the case having been previously opened. But when it was examined in his place of business the music box works packed in one of the several boxes making up the contents of the case showed signs of having been rifled. When checking with the invoice, he discovered that seven of the musical works were missing.

The examiner's aid who initialed the verifier's ticket testified that he had nothing to do with verifying the contents of the case but the opener and packer had verified one of the inner containers which held six types of music works in order to obtain the weight of the copper therein and at the time of such examination no shortage was noticeable.

From the evidence it seems that the music box works were packed in smaller boxes in the case and the articles in question were taken from one of these inner boxes leaving an empty space therein. Such shortages would not have been discovered ordinarily unless all of the boxes in the case were examined. As there was no indication of the case having been pilfered at the time of unlading from the discharging vessel when examined by the discharging inspector, a detailed examination was not ordered to be made by the appraiser. The entire contents of the case thus not having been examined there was nothing to establish whether or not the pilferage took place before the case was landed in this country.

There is not the remotest doubt from the testimony given by the plaintiff that there was in fact a shortage of the invoiced quantity of music works. Nor is there any question as to the veracity, integrity, and high standing of the importer, as well as his good intentions, but inasmuch as proof is required to establish that the articles, which were not found, never were landed in the United States, and the plaintiff was unable to present such proof to the court, we are constrained to enter judgment in favor of the Government.