(C. D. 1299)

WASHINGTON STATE LIQUOR CONTROL BOARD
(TRANSFEREE) *v.* UNITED STATES

United States Customs Court, Third Division

(Decided February 6, 1951)

*Lawrence, Tuttle & Harper* (*George R. Tuttle* and *Charles J. Evans* of counsel) for the plaintiff.

*David N. Edelstein*, Assistant Attorney General (*John J. Antus* and *William J. Vitale*, special attorneys), for the defendant.

Before CLINE, EKWALL, and JOHNSON, Judges

JOHNSON, Judge: This action involves the amount of duty and internal revenue tax assessed upon a shipment of 650 cases of whisky imported from Scotland and entered at the port of Seattle, Wash. The plaintiff claims that duty and internal revenue tax should not have been assessed upon three cases which were short-landed from the importing vessel as reported by the discharging inspector. By way of amendment of the protest, it is further claimed that under the provisions of paragraph 813 of the Tariff Act of 1930, as amended

by the act of June 8, 1948, Public Law 612, duty should be assessed upon the same quantity of spirits as was subjected to the final assessment of internal revenue tax.

At the trial of the case, counsel for the plaintiff called as a witness Jesse G. Ogdon, deputy collector in charge of the liquidating division at the port of Seattle. He testified that in liquidating the entry, duty was assessed on 1,553.8 proof gallons; that internal revenue tax was assessed upon the same gallonage; and that such quantity included three cases which were reported short on the back of the warehouse entry permit. When asked upon cross-examination why the cases in question were included in the assessment of duty, the deputy collector testified:

A. Because the importer failed to furnish an affidavit showing that they failed to arrive at the port of Seattle, or in the United States.

X Q. Is that Section 15.8 (a) of the Customs Regulations of 1943?—A. That is right. That affidavit is required by Section 15.8 (a) of the Customs Regulations of 1943.

X Q. And I understand you to say it was not filed in this case?—A. That is right, for which reason disallowance was made. (Record page 5.)

On redirect examination the deputy collector further testified that the importing vessel arrived directly in Seattle, but when asked whether he was satisfied that those cases were in fact short-landed, the answer was "No." The inspector's report of shortage at the time of landing was admitted in evidence on behalf of the plaintiff for the purpose of proving the short landing of the three cases of whisky. No further evidence was offered by either the plaintiff or defendant.

Counsel for the plaintiff contends that inasmuch as the discharging inspector reported these three cases short at the time of landing and that the evidence establishes Seattle to be the port of first arrival of the vessel, such facts prove there was a nonimportation of the three cases in question. Counsel argued in that regard that it is to be presumed, in the absence of evidence to the contrary, that the customs inspector performed the duties devolved upon him, which in this instance, was to report any shortage; that a shortage was reported; and that, therefore, the three cases did not arrive and were not imported.

Counsel for the plaintiff further contends that inasmuch as section 2800 (a) (1) of the Internal Revenue Code prescribes that the tax on imported distilled spirits shall be paid by the importer "when withdrawn from bond," the three short-landed cases, not entering bond, could not have been withdrawn therefrom. Consequently, there being no withdrawal, no internal revenue tax was assessable. By virtue of Public Law 612, providing that customs duty shall be assessed upon the same quantity of dutiable spirits as that subject to internal revenue tax, counsel for the plaintiff further contends that

the three cases in question are not subject to the duty assessed by the collector.

Counsel for the Government contends that the importer has the burden of proving that the whisky was in fact short-landed and that the only evidence before the court is the inspector's report which, standing alone, is insufficient to establish a nonimportation, particularly in view of the fact that the collector testified he was not satisfied that the three cases in question were not landed.

Government counsel further contends that plaintiff's case must stand or fall upon its claim of nonimportation of the three cases in question inasmuch as duty was assessed upon the same quantity upon which the internal revenue tax was assessed, therefore eliminating the claim under Public Law 612.

In the case of *United States* v. *Browne Vintners Co., Inc.*, 34 C. C. P. A. 112, C. A. D. 351, three cases of whisky there involved were claimed to have been short-shipped. The collector disallowed the claims of the importer because of the failure to file the necessary affidavit within the time prescribed by the customs regulations. The appellate court found that the proof submitted established that one of the three cases had not been shipped and that the other two cases were not landed, and the importer's claim for loss thereof was paid in full by an insurance company. In addition thereto, the proof established that all three cases were shown by the report of the discharging officer as "not landed—not found."

In holding that no duty was assessable upon merchandise not imported, the court stated:

The issue in the case at bar is not whether there was a compliance with the involved regulation but whether or not there was in fact a nonimportation of the merchandise as claimed by the importer. It had the burden of proof on that issue and as correctly held by the court below that burden was sustained.

In the case at bar the only proof submitted is the report of the discharging inspector. Without other corroborative evidence such report is insufficient to establish that there was in fact a nonimportation. Therefore, the claim for refund of the duty and internal revenue tax, for the reason that the goods were not imported, is overruled.

The remaining question before the court is whether or not the collector legally collected internal revenue taxes upon alcoholic beverages not entered for consumption. If not legally collected, then under the provisions of paragraph 813 of the Tariff Act of 1930, as amended by Public Law 612, enacted June 8, 1948 (19 U. S. C. § 1001, par. 813, supp. III), duty also was illegally collected. See the decision of this court in the case of *Austin, Nichols & Co., Inc.* v. *United States*, 22 Cust. Ct. 33, C. D. 1155. Paragraph 813, as so amended, provides as follows:

PAR. 813. Notwithstanding any other provision of this Act, the duties imposed on beverages in this schedule which are subject also to internal revenue taxes shall be imposed only on the quantities subject to such taxes.

The contention of counsel for the plaintiff would have been perfectly sound, relative to the assessment of internal revenue tax, had it been established that the three cases in question were not imported, never entered bonded warehouse, and were not withdrawn for consumption. Mere conjectures as to the entry or withdrawal of whisky from bonded warehouse are not acceptable to the court. Evidence sufficient to establish the entry or nonentry, or the withdrawal, or lack of withdrawal, from warehouse, would appear to be easily available through the testimony of the warehouseman or customs inspectors. No attempt, apparently, was made to supply such evidence nor to acquaint the court with the disposal of the whisky in question.

The deputy collector testified that the internal revenue tax was levied upon a quantity which included the three cases in question. Inasmuch as internal revenue tax assessments are not levied upon the quantity of alcoholic beverages imported or landed in the United States, but rather upon the quantity withdrawn for consumption, in the absence of evidence to the contrary, it is presumed that the collector performed the duties devolved upon him in levying the tax. Therefore, as the collector's presumption of correctness of official action in levying duty and tax upon the same quantity of whisky has not been overcome, duty and tax were properly assessed in accordance with the provisions of paragraph 813 of the Tariff Act of 1930, as amended by Public Law 612.

For the reason that evidence before the court is insufficient to establish first, the quantity landed, in view of the report of the discharging inspector that three cases were short-landed, and second, the quantity withdrawn from warehouse, judgment will be entered in favor of the Government.