(C. D. 1483)

UNGERER & Co., INC. *v.* UNITED STATES

United States Customs Court, Third Division

(Decided December 9, 1952)

*John D. Rode* (*Ellsworth F. Qualey* of counsel) for the plaintiff.
*Charles J. Wagner*, Acting Assistant Attorney General (*William J. Vitale*, special attorney), for the defendant.

Before CLINE, EKWALL, and JOHNSON, Judges; CLINE, J., not participating

JOHNSON, Judge: This action involves the amount of duty levied by the collector upon 12 cases of Patchouli oil. The plaintiff claims that the collector erroneously failed to make an allowance in duties for the goods missing in a case which was empty when delivered from the pier to the importer.

At the trial, the plaintiff submitted the case on the basis of the official papers transmitted by the collector of customs and the inspector's report. The report of the inspector was marked in evidence as exhibit 1. The Government, however, objected to any papers in the record other than the inspector's report being received in evidence for the reason that the file consisted of many papers, including letters. Counsel for the plaintiff agreed to limit the term "official papers" to the invoice and entry and the inspector's report of delivery.

The inspector's report stated:

\* \* \* of the within Secoc #2 landed in good order—on delivery reported empty Gr. weight 43 lbs case released to importer.

The entry papers show that the merchandise was imported on January 12, 1950, and released to the importer on January 26, 1950.

Counsel for the plaintiff contends that the collector should have allowed duty upon the basis of the inspector's report. In that respect, it is argued that the case, as delivered to the importer's representative, was reported by the inspector as weighing only 43 pounds. From such report of weight, it is contended a clear showing is made "that the contents were missing at that time," that is to say, the time of delivery. Counsel for the plaintiff further contended that since this shortage is shown to exist at the time of delivery to the importer from the pier, the ruling is applicable in the case of *F. W. Woolworth Co.* v. *United States*, 22 Cust. Ct. 197, C. D. 1176. Counsel for the plaintiff also cites and relies upon the cases of *United States* v. *Lippmann, Spier & Hahn*, 11 Ct. Cust. Appls. 336, T. D. 39145, and *Raymond & Heller* v. *United States*, 66 Treas. Dec. 574, T. D. 47360.

Counsel for the Government, on the other hand, contends that the report shows the case was landed in good order and that fact is presumptive evidence that it was not empty on January 12, 1950, the date of importation, and the report that the case was empty on the date of delivery was merely hearsay, no direct proof of delivery in such condition being before the court. It is further contended by the Government that the report of the discharging inspector, without other corroborative evidence, is insufficient to establish that there was a nonimportation, citing *Washington State Liquor Control Board (Transferee)* v. *United States*, 26 Cust. Ct. 58, C. D. 1299. In that regard, it is further argued that the court may not supply from its imagination the essentials in which the proof of the plaintiff is deficient.

We are of the opinion that the cases cited by the plaintiff are not applicable to the situation here at issue. In the *Raymond & Heller* case, *supra*, the missing rugs were not discovered until after delivery of the merchandise. When the bale was opened, a cotton pillow and other articles were contained therein rather than the rugs. However, considerable evidence was adduced at the trial of that case which established to the satisfaction of the court that no one had an opportunity to tamper with the bale from the time it left customs custody until it was opened immediately upon receipt by the importer, when the shortage was discovered. In the action at bar, there is no evidence of an examination made of the case purported to be empty either before it left customs custody or afterwards.

In *United States* v. *Lippmann, Spier & Hahn*, *supra*, although the discharging inspector reported that the case was discharged in apparent good order, the appraiser, examining the case, reported that it was received in the appraiser's stores in bad order, with goods missing therefrom. The court held that no violence was done to the legal presumption that the customs officers discharged their duty even though the theory is adopted that the missing goods were abstracted before the case crossed the customs line. The appraiser reported the shortage, not the discharging inspector, and the court stated that the Treasury regulation relied upon by the collector cannot authorize him to disregard the mandatory provision of the statute requiring the collector to make an allowance upon the basis of the appraiser's report in estimating the duties.

The *Woolworth* case, *supra*, involved a shortage of certain handkerchiefs. The missing goods were discovered by the discharging inspector in a damaged case, and he undertook to list the contents of same. The court held that a shortage so discovered is presumed to have occurred prior to importation. Another case in the same shipment, which was released from customs custody in apparent good order, upon arrival at the importer's warehouse, was found to be short of the invoiced contents. The court held that the shortage so found

in such unexamined case occurred prior to unlading. There, however, the evidence before the court established that the unexamined case was under constant supervision of the truck driver from the time it was removed from customs custody until delivered at the importer's warehouse where it was immediately opened and the contents checked before delivery was accepted. The court stated:

* * * Evidence produced by both the importer and Government witnesses shows that there were many complaints from importers relative to shortages in cases imported upon the vessel "Ferncliff." The court is of opinion that the evidence is uncontradicted and reasonably establishes that the shortages occurred before landing. * * *

In all of the foregoing decisions, such evidence was adduced before the court which made it abundantly clear that whatever shortage was found in the imported packages, on reaching the importer's place of business, pertained to the condition thereof at the time of unlading.

The report herein of the discharging inspector, which is the only evidence before the court, discloses that the case in question was landed in good order. It also discloses that it was "reported empty," with the gross weight of 43 pounds on delivery. There is nothing in the record indicating who opened the case or reported it to be empty or what was comprised in the gross weight. Nor is there anything in the record to establish that the tare weight of the cases was 43 pounds each. As a matter of fact, the total tare weight of the 12 cases in the shipment is shown on the invoice to be 204.95 kilos. The average tare weight of one case, therefore, is 17.08 kilos. As each kilo is equal to 2.2046 pounds, an empty case should weigh 37.65 pounds rather than 43 pounds.

In the case of *United States* v. *Brown et al.*, 2 Ct. Cust. Appls. 189, T. D. 31943, there was a shortage in certain imported packages of Chinese wine. Shortages in five cases were discovered on the day of delivery, and shortages in two cases were discovered a week later. In holding that the collector properly refused to allow for such shortages, the court stated:

* * * The invoice and the entry of the goods raised the presumption that the goods in the quantities therein specified were actually imported, and to overcome that presumption it devolved on the importer to prove, at least *prima facie*, that the missing merchandise had never as a matter of fact arrived at the proper port of entry. * * * As this discovery was made after the packages were discharged from the vessel and after manual possession of such packages had been surrendered by the customs officers it can not be considered as evidence showing that the missing bottles were removed from the cases prior to the arrival of the latter within the jurisdiction of the port.

In the case of *Borgfeldt & Co.* v. *United States*, 11 Ct. Cust. Appls. 421, T. D. 39433, the court stated that the major issue at the trial would, nevertheless, be whether in fact there had been a nonimporta-

tion of part of the invoiced and entered merchandise and that the burden of proof in that respect rested upon the importer.

In *United States* v. *H. W. Robinson & Co.*, 20 C. C. P. A. (Customs) 222, T. D. 46036, the court stated that the burden was upon the importer to prove, at least by a preponderance of the evidence, that the missing goods were not imported. Unless that has been done, the protest cannot be sustained. The court also stated that in order to establish nonimportation, it is essential that the record show with reasonable certainty that the case in which the shortage occurred was in the same condition when the shortage was discovered as it was when it entered the jurisdictional limits of the United States.

In the case of *E. L. Ouendet* v. *United States*, 20 Cust. Ct. 223, C. D. 1112, there was a shortage in a case of music box instruments which was discovered by the importer. As there was no indication of the case having been pilfered at the time of unlading from the vessel when examined by the discharging inspector, a detailed examination was not ordered to be made by the appraiser, and when examined the appraiser failed to discover a shortage. In holding that an allowance could not be made for the articles short, the court stated:

There is not the remotest doubt from the testimony given by the plaintiff that there was in fact a shortage of the invoiced quantity of music works. Nor is there any question as to the veracity, integrity, and high standing of the importer, as well as his good intentions, but inasmuch as proof is required to establish that the articles, which were not found, never were landed in the United States, and the plaintiff was unable to present such proof to the court, we are constrained to enter judgment in favor of the Government.

The case of *Washington State Liquor Control Board (Transferee),* *supra,* involved the assessment of duty upon three cases of whisky reported by the discharging inspector to be short-landed. Duty was assessed thereon for the reason that the affidavit of short shipment was not filed. The inspector's report of shortage at the time of landing was admitted in evidence on behalf of the plaintiff for the purpose of proving the short landing of the three cases. The importer contended that the report of the inspector to the effect that these three cases were short-landed was sufficient, without further evidence, to establish a nonimportation. The Government, however, contended that the importer had the burden of establishing that the whisky contained in the three cases was, in fact, short-landed and the inspector's report standing alone was insufficient. The court cited the case of *United States* v. *Browne Vintners Co., Inc.*, 34 C. C. P. A. 112, C. A. D. 351, as to the issue in shortage cases—"whether or not there was in fact a nonimportation of the merchandise as claimed by the importer." In that respect, the appellate court held that the burden of proof was upon the importer to establish that fact before the court. In holding that the plaintiff had not sustained the burden of proof, as announced by the appellate court, this court stated:

In the case at bar the only proof submitted is the report of the discharging inspector. Without other corroborative evidence such report is insufficient to establish that there was in fact a nonimportation. Therefore, the claim for refund of the duty and internal revenue tax, for the reason that the goods were not imported, is overruled.

In view of the foregoing cited cases, it is our opinion that the importer, in a situation such as is now before the court, is required, in order to establish that a nonimportation existed, to submit evidence corroborating the report of the discharging inspector. For the reasons stated, judgment will be entered in favor of the Government.