BEFORE THE THIRD DIVISION, MARCH 31, 1955

**No. 58897.**—Geo. S. Bush & Co., Inc. *v.* United States, protest 214544–K (Portland, Oreg.).

JOHNSON, Judge: This is a protest against the collector's assessment of duty on a bale of wool (bale No. 16), which it is claimed was never received by the importer.

At the trial, there was received in evidence the official file, which the collector forwarded to the court. According to these papers, 11 bales of wool were shipped from Australia and entered for warehouse at the port of Portland, Oreg., on or about April 15, 1952. The inspector's report on the back of the warehouse permit states that bales numbered 16 and 17 were short shipped and that bale No. 17 arrived on May 1, 1952, having been overcarried to Astoria on the SS. *Ventura* and returned on the SS. *Alameda.* The warehouse entry contains the following notations in red ink:

No allowance for short bale as C. F. 4311 not filed. Sec. 15.8, C. R. 1943.

4311 mailed 4/25/52—not filed 9/5/52.

The file also contains an affidavit of short shipment on customs Form 4311, but the same was not received by the collector until October 8, 1953. According to section 15.8, Customs Regulations of 1943, said affidavit must be filed within 30 days after the date of written notice of shortage, which the collector is directed to mail to the importer immediately upon report of the shortage to him.

Earl Clifford Rogness, called as a witness for the plaintiff, testified that he is auditor for the Washougal Woolen Mills, for whose account the importation of 11 bales of wool was entered at Portland, Oreg., on April 14, 1952. He said that the records of his company show that it received nine bales of wool on April 18 at the bonded warehouse at 1235 Northwest Irving Street; that on May 8 it received a certificate from the warehouse showing receipt of another bale (bale No. 17); and that on that same date one additional bale was received at the Columbia Wool Scouring Mills, a related company. He stated that on September 3 the 10 bales were withdrawn from warehouse, but the weight and duty was based on the entire original entry of 11 bales. Duty was paid on bale No. 16 by virtue of its quantity being included in warehouse withdrawal No. 43. He explained that duty was originally paid in the amount of $540.60, which was the adjusted duty for the entire 11 bales, and that, thereafter, on September 15, 1953, an additional amount of $45.90 was assessed on the basis of the weight on the entry. He said:

* * * It is more than what we actually received to the extent of one bale, approximately.

On cross-examination, the witness stated that he did not check the bales themselves but had checked the records made by employees of the licensed warehouse.

Although all of the regulations were not complied with in the instant case, the issue before the court is whether there was, in fact, a nonimportation of the merchandise. *Borgfeldt & Co.* v. *United States*, 11 Ct. Cust. Appls. 421, T. D. 39433; *United States* v. *Browne Vintners Co., Inc.*, 34 C. C. P. A. (Customs) 112, C. A. D. 351. On this issue, plaintiff has the burden of proving, at least *prima facie*, that the missing merchandise never as a matter of fact arrived at the port of entry. *United States* v. *Brown*, 2 Ct. Cust. Appls. 189, T. D. 31943. Statements on the inspector's report have been held insufficient to establish a nonimportation, unless corroborated by other evidence. *Washington State Liquor Control Board* (*Transferee*) v. *United States*, 26 Cust. Ct. 58, C. D. 1299; *Ungerer & Co., Inc.* v. *United States*, 29 Cust. Ct. 302, C. D. 1483.

In the instant case, the report of the discharging inspector and other papers in the official file show that bales numbered 16 and 17 did not arrive with the other 9 bales, but that bale No. 17 was received later. Apparently a notice of short shipment was sent to the importer by customs officials, but the required affidavit was not filed in time. The witness Rogness stated, however, that bale No. 16 was received at the same time as bale No. 17, but that the former went to the Columbia Wool Scouring Mills, while the latter was placed in bonded warehouse with the other nine bales. Far from proving a nonimportation, this testimony indicates that the missing merchandise was received at the port of entry and was sent to a firm connected with the importing company. The witness stated that duty was paid on 11 bales, but there is no error in this, since 11 bales were imported. There is no evidence that duty was paid twice on bale No. 16. The additional duty assessed was apparently based on the adjusted weight and clean content of the merchandise, and there is nothing in the record to show that these were incorrect.

On the record presented, we hold that plaintiff has not sustained its burden of proving that there was a nonimportation of any of the entered merchandise. The protest is overruled, and judgment will be rendered for the defendant.