**No. 59581.**—Pastene & Co., Inc. *v.* United States, protests 195663–K, 203770–K, 203774–K, and 203777–K (Boston).

JOHNSON, Judge: In these cases, consolidated at the trial, it is claimed that duty was assessed upon excess quantities of the merchandise, olive oil in tins; that the determination of weight for duty purposes was erroneous; that allowances in duty should have been made in respect to portions of the merchandise found not to have been landed. At the trial, counsel referred only to the claim that allowances for shortages, reported by the customs inspector, should have been made. All other claims are deemed abandoned.

Counsel made the following statements at the hearing:

MR. ZIEGEL: * * *

I offer to stipulate that in each case allowances on [*sic*] duty should be made for the shortages officially reported by the respective inspectors to the extent reported on the customs permits filed with each entry. Affidavits of the importer appear in the papers but they are untimely in the collector's view. I offer to stipulate with the Government that the quantities reported in each case were not imported or received by the importer.

MR. FITZGIBBON: Well, I agree with that stipulation except the wording "should have been allowed." I think the collector acted properly at the time because the affidavits had not been filed. However, they are now on file and the collector is now satisfied that this merchandise was not actually imported nor has it been imported since.

JUDGE LAWRENCE: He would have made the allowance had the affidavits been filed before he acted?

MR. FITZGIBBON: That is right, your Honor; he would.

In each case, the report of the inspector on the back of the permit, customs Form 7501–A, and the importer's affidavit, were received in evidence.

The reports of the respective inspectors state: "The articles covered by this permit have been landed, released, or disposed of as directed, and are in apparent good order, except as noted below:." The exceptions are as follows:

| Protest No. | Description |
|---|---|
| 195663–K | 5 cs. to Appraisers Stro. |
| | 1 cs. 12/1    12 dented cans. |
| | 1 cs. 12/1    5 cans dented. |
| | 2 cans leaking—Nail holes. |
| | 5 cans leaking at seams. |
| | 1 case 12/1    11 good cans.    1 empty.    Nail hole. |
| | 1 case 12/1    11  "    "  .    1 leaking at seams. |
| | 30 cs. stained. |
| 203770–K | 1 case 48¼—8 cans out. |
| 203774–K | 192/16 1 case contains 175 Recoop'd |
| | 96/8    1  "    "    84  "    } Noted at N. Y. |
| 203777–K | 1—c/s = 4 tins out. |

In protests No. 195663–K and No. 203774–K, there appears to be some discrepancy between the report and the importer's affidavit, but, according to the stipulation, the claim is as to "the shortages officially reported by the respective inspectors to the extent reported on the customs permits filed with each entry."

The issue in shortage cases is not whether there has been a compliance with the regulations, but whether there has been a nonimportation, and evidence may properly be introduced before the Customs Court to establish that a shortage existed at the time of unlading. *United States* v. *Browne Vintners Co., Inc.*, 34 C. C. P. A. (Customs) 112, C. A. D. 351. On that issue, plaintiff has the burden of proving, at least *prima facie*, that the missing merchandise never, as a matter of fact, arrived at the port of entry. *United States* v. *Brown*, 2 Ct. Cust. Appls. 189, T. D. 31943. Statements on the inspector's report, without other corroborative evidence, are insufficient to establish that there was, in fact, a nonimportation. *Washington State Liquor Control Board (Transferee)* v. *United States*, 26 Cust. Ct. 58, C. D. 1299; *Ungerer & Co., Inc.* v. *United States*, 29 Cust. Ct. 302, C. D. 1483.

In the instant case, in addition to the inspectors' reports, counsel have stipulated that the collector was satisfied that such merchandise had not been imported or received by the importer and that allowances would have been made had the affidavits been filed on time. In other words, the parties agreed that there were shortages, as reported by the respective customs inspectors, and that allowances should be made therefor. It is evident, however, that all of the items mentioned on the report in protest No. 195663–K do not involve a nonimportation of merchandise. *Wm. J. Jones and Co.* v. *United States*, 38 C. C. P. A. (Customs) 158, C. A. D. 453; *Unanue & Sons, Inc.* v. *United States*, 25 Cust. Ct. 23, C. D. 1257.

On the record presented, we hold that allowance should be made for the following items, constituting shortages reported by the respective customs inspectors:

Protest No. 195663–K____ 1 can reported empty
    "       "    203770–K____ 8 tins reported "out"
    "       "    203774–K____ 17 cans (difference between the reported 175 cans and the entered 192)
                                12 cans (difference between the reported 84 cans and the entered 96)
    "       "    203777–K____ 4 tins reported "out"

To that extent, the protests are sustained. As to all other items and in all other respects, the protests are overruled.