(C.D. 2605)

The Trading Company of Afghanistan, Inc. *v.* United States

United States Customs Court, Third Division

(Decided December 28, 1965)

*Richard Steel* for the plaintiff.

*John W. Douglas,* Assistant Attorney General (*Harold L. Grossman,* trial attorney), for the defendant.

Before DONLON, RICHARDSON, and NICHOLS, Judges; RICHARDSON, J., dissenting

DONLON, Judge: The protest avers that six bales of wool "disappeared from the warehouse" to which the entire importation had been transferred on entry at the port of New York.

The official papers are in evidence. They show that 720 bales of wool, product of Afghanistan, were imported at the port of Newark on February 7, 1957, on the vessel "Finnmerchant" from Finland; that this merchandise was entered that same day by National Carloading Corp., for account of plaintiff, by warehouse entry; that wharf samples were taken and weighed; that ticket for goods cartered or lightered (customs Form 6043–A) evidence delivery, between February 8, 1957, and February 12, 1957, to cartmen who receipted therefor in lots (amount of each lot stated in the relevant ticket) aggregating 720 bales; that these tickets are also signed by the warehouseman, acknowledging receipt of 720 bales in good condition; that withdrawals from warehouse were made in various lots aggregating 714 bales; that when plaintiff had sold the final 6 bales, they could not be found and were noted as missing by the inspector on January 17, 1962. This was nearly 5 years after the importation.

Duty on the six missing bales is $272.94.

Plaintiff filed its claim against the warehouse for the value of the six missing bales, stated to be $1,263.80. It did not include a claim for duty on the missing wool, as counsel for plaintiff said he was not aware that duty would be assessed. Plaintiff settled its claim with the insurance carrier for the warehouse for the sum of $750 and gave its general release, a copy of which is in evidence. (Illustrative exhibit A.)

If, as plaintiff's protest recites, plaintiff could "file the necessary documents evidencing the facts that the goods were ultimately used for carpet making," the wool would be duty free; but it is impossible for plaintiff to do this, inasmuch as the six bales disappeared from the warehouse and plaintiff, therefore, does not know what use was made of this wool.

Plaintiff's counsel in open court stated that "the particular 6 bales to which I have referred were apparently missing from the warehouse." (R. 2.) That is the fact on which plaintiff's claim for refund of duties is founded.

It is well settled that tariff duties accrue at the customs line. As our appeals court said, in *United States* v. *Shallus*, 2 Ct. Cust. Appls. 332, T.D. 32074:

Certain legal propositions * * * may be considered fundamental and established beyond controversy. First, and chief of these, is the well-settled legal postulate, that duty attaches upon imported mer-

chandise at the time the vessel crosses the line of and within the customs district. * * *

\*      \*      \*      \*      \*      \*      \*

An equally well-established fundamental principle of substantive law is that destruction or loss of the whole or any part of a cargo of imported merchandise after the same enters the line of the customs district and before the same is unladen from the vessel or entered or surrendered from the customs custody is not thereby, except as perforce of express statute or regulation and as therein provided, exempted from the payment of customs duties. Belcher *v.* Linn (24 How., 508); Meredith *v.* United States (13 Pet., 486); United States *v.* Lyman (26 Fed. Cas., 1024).

In some cases, as where goods are contained in bonded warehouses, such release from duties is expressly forbidden by statute. (Sec. 2983, Rev. Stat.) Such a loss is the proper subject of consideration by the Secretary of the Treasury. Ferry *v.* United States (85 Fed. Rep., 550.)

\*      \*      \*      \*      \*      \*      \*

While it is true under the ordinary hard and fast principle of substantive law that duties accrue upon imported merchandise at the exact moment they cross the line within the customs district, it is equally true that the whole framework of customs administrative law and regulations are constructed upon the principle that, while duties actually accrue at the time stated, the ascertainment of the amount of duties which have thus and then accrued, and the amount of merchandise which has been imported, its condition, and in every respect its dutiable status, are ascertained as of the time they cross said line by examinations and inspections of their condition at the subsequent time of weighing, gauging, appraising, etc. It would be a physical impossibility to otherwise ascertain their dutiable status. [*United States v. Shallus, supra,* pp. 333, 4.]

Ascertainment of the quantity of *imported* wool, which is the sole issue before us here, was made by the inspectors on the pier and verified by their tickets, which are in evidence. The entire 720 bales were receipted for, both by the cartmen and the warehouse.

There is no statutory relief for duties on merchandise missing after it passes the customs line, save as to merchandise missing from the appraiser's stores. That is not the fact here.

In *H. Z. Bernstein Co., Inc.* v. *United States*, 41 Cust. Ct. 282, C.D. 2053, we held that section 563(a) limits allowance for loss by theft to merchandise stolen while in appraiser's stores, and does not cover merchandise stolen elsewhere after landing. The same statutory rule applies to both loss and theft of merchandise. Section 563, Tariff Act of 1930.

*United States* v. *Browne Vintners Co., Inc.*, 34 CCPA 112, C.A.D. 351; affirming *Browne Vintners Co., Inc.* v. *United States*, 15 Cust. Ct. 259, Abstract 50456; is urged as precedent for refund of duties on these six bales of wool. It is not.

In one of the two shipments there in issue, the record shows that one carton was short-shipped at the point of origin, Scotland. The Government conceded that this carton was not landed. Plaintiff limited its claim, as to that shipment, to the one short-shipped case.

In the other shipment, there was no proof of short-shipment but there was proof of short-landing of two cases. This the Government conceded. Plaintiff limited its claim as to that shipment to the two short-landed cases.

There was no issue of fact before the court in *Browne Vintners*. Nonimportation was conceded by the Government; and plaintiff conceded that it had not filed customs affidavit Form 4311 within the time prescribed by Customs Regulations. The issue was one of law, whether nonimportation is a fact which may be established by sufficient proofs even if customs Form 4311 has not been timely filed. *Browne Vintners, supra*, is authority for the principle that nonimportation is a fact, and that this fact may be proved in court.

There was no doubt, in *Browne Vintners*, of the essential fact, namely, that the three cartons in issue had not crossed the customs line, as to one case because it was never shipped from abroad and as to the other two cases because they were missing when the vessel landed.

Here the record shows that the six bales in issue did cross the customs line. They were landed. *Ergo*, they were imported. They are dutiable.

The reason plaintiff cannot prevail here is not that it failed timely to file a claim under section 15.1(a) of the Customs Regulations, as was asserted in *Browne Vintners, supra*. Neither the regulations nor the statute authorize filing of such a claim with respect to landed merchandise later found missing from warehouse.

It is an old truism that hard cases make bad law. Regretful as we may be that plaintiff has suffered a monetary damage through loss of the merchandise, for which it has not adequately been reimbursed, these sympathetic sentiments do not warrant judicial extension of relief from the duties which Congress has laid on an importer for the revenues of the United States.

The protest is overruled.

Judgment will be entered accordingly.

### DISSENTING OPINION

RICHARDSON, Judge: The plaintiff, The Trading Company of Afghanistan, Inc., imported from Afghanistan a shipment of 720 bales of raw carpet wool for carpet manufacturing, which arrived at the port of New York on February 7, 1957. All of the bales were shipped to Mid-Hudson Warehouse of Jersey City, Inc., a bonded warehouse in Jersey City, N.J. Sometime later and prior to January 28, 1960, six bales of the merchandise disappeared. The plaintiff

filed a claim against the warehouse for what it considered the value of the missing merchandise, $1,263.80, and settled the claim with the insurance company representing the warehouse for $750. Though plaintiff gave a general release, there is no showing that the settlement embraced the assessed duties, and Lewis W. Moats, in charge of imports for the plaintiff, testified that it did not. Sheet 4 of the official papers which are in evidence indicates that the collector's office made a notation that the merchandise was not found in the warehouse January 17, 1962. The collector denied relief to plaintiff because it did not file an application for abatement of duties with the collector within 30 days from the date of plaintiff's discovery of the lost or missing merchandise, in accordance with provisions of section 15.1(a), Customs Regulations, 1954. Plaintiff's protest is against the assessment of duty in the amount of $272.96 "by reason of the fact that six bales of wool imported for carpet making were not found . . . that the carpet wool had disappeared from the warehouse, and was believed to have been stolen. . . ." The protest further states: "The fact remains that this merchandise was never located or returned to the importer."

Section 15.1(a), Customs Regulations, 1954, upon which the collector relied in refusing relief to plaintiff, was promulgated by the Commissioner of Customs pursuant to delegation of authority by the Secretary of the Treasury under 19 U.S.C.A., section 1563, and reads as follows:

(a) No abatement or refund will be made under section 563(a), Tariff Act of 1930, as amended unless the importer or his agent shall file within 30 days from the date of his discovery of the loss, theft, injury, or destruction an application in duplicate on customs Form 4315, and within 90 days from the said date the evidence of such loss, theft, injury, or destruction hereinafter required is submitted.

The statutory section 1563, insofar as the abatement of duties on "merchandise in bonded warehouse" is concerned, is limited to "the actual injury or destruction" of such merchandise "by accidental fire or other casualty." The only allowance or abatement for "loss or theft" of merchandise referred to in section 1563 relates to merchandise in "the appraiser's stores." The merchandise in this case was in a "bonded warehouse," and there is no evidence that the merchandise was injured or destroyed by accidental fire or other casualty, thus, section 15.1(a) of Customs Regulations, 1954, is not applicable to the facts in this case.

The plaintiff contends that it is entitled to relief under section 15.8 of Customs Regulations, 1954 (R. 20), issued pursuant to 19 U.S.C.A., section 1624, which does cover the factual situation involved here of an allowance in the assessment of duties for "lost or missing merchandise" in a bonded warehouse. *United States* v. *Browne Vintners Co.*,

*Inc.*, 34 CCPA 112, C.A.D. 351. Section 15.8(a) of Customs Regulations, 1954, reads as follows:

*15.8 Shortages; lost packages; deficiencies in contents of packages.*— (a) Allowance shall be made in the assessment of duties for lost or missing merchandise included in the entry whenever it is established to the satisfaction of the collector of customs before the liquidation of the entry becomes final that the merchandise claimed to be lost or missing was not imported.

The merchandise involved in *H. Z. Bernstein Co., Inc.* v. *United States*, 41 Cust. Ct. 282, C.D. 2053, involved only merchandise "stolen" from a cargo room on the premises of an air carrier, which was not owned, leased, or operated by the Government and to which its employees did not have a key—and thus the area or space at the airport could not be equated to an "appraiser's stores" under section 1563. Section 1563 limits abatement or refund for loss by theft to *merchandise stolen while in the appraiser's stores.* The merchandise in this case was not in an "appraiser's stores," but in a "bonded warehouse," and there is no proof that the merchandise in this case was stolen, though there was an expression of belief that it had been stolen. The court should not presume a "theft" of missing merchandise without proof, nor conjecture or speculate as to how the merchandise became lost or missing. *United States* v. *R. C. Williams & Co., Inc.*, 40 CCPA 130, 134, C.A.D. 508.

Section 1624 of title 19, U.S.C.A., under which the Secretary of the Treasury acted in promulgating section 15.8(a) of Customs Regulations, 1954, gives wider authority to the Secretary of the Treasury than he is given under section 1563; and section 15.8(a) of Customs Regulations specifically makes an allowance in the assessment of duties for lost or missing merchandise when it is claimed, as here, that such merchandise was not imported. Section 15.8 of Customs Regulations, 1954, should be liberally interpreted, so that its beneficial and equitable purposes of not collecting duties on merchandise which has not been imported in the sense that it has not entered the commerce of the country through the control or negligence of the importer, may be realized.

In *Geo. S. Bush Co., Inc.* v. *United States*, 34 Cust. Ct. 323, Abstract 58897, the protest was against the collector's assessment of duty on a bale of wool (bale No. 16), which importer claimed was never received by it. The evidence showed that bale No. 16 was received at the port of entry and was sent to a firm connected with the importing company, and was not placed in a bonded warehouse with other merchandise in the same shipment. On such a record, the plaintiff could not establish a nonimportation on bale No. 16.

The issue here is the same as the one in *Browne Vintners Co., Inc.* It is not whether there was a compliance with the involved regulation, section 15.8(a), which, while highly desirable, is not a condition precedent to recovery; but whether or not there was in fact a nonimportation—a nonimportation in the sense that the merchandise did not reach the custody and control of the importer. It is true that, in the *Browne Vintners Co., Inc.*, case, the missing merchandise was never landed, but the word nonimportation is broad enough to cover the factual situation where merchandise is landed, placed in a bonded warehouse, and is discovered to be lost or missing before it passes beyond the custody and control of the customs officials and enters the commerce of the United States through the importer. "So long as merchandise remains under bond for warehousing in the tariff sense and for assessment of duties, its importation has not been completed." *United States* v. *Cronkite Co.*, 9 Ct. Cust. Appls. 129, 134, T.D. 37980. See also *Hartranft* v. *Oliver*, 125 U.S. 525, 31 L. ed. 813; *Five Percent* cases, 6 Ct. Cust. Appls. 291, 320–321, T.D. 35508.

Two observations are made with respect to the case of *United States* v. *Shallus*, 2 Ct. Cust. Appls. 332, T.D. 32074, cited in the majority opinion. One observation is that the case was decided in 1911 by the Court of Customs Appeals, and the case of *United States* v. *Cronkite Co.*, 9 Ct. Cust. Appls. 129, 134, T.D. 37980, which is relied upon in this dissenting opinion, was decided 8 years later by the same court in 1919. Should there be any view that the two decisions are in conflict, it is submitted that the latest expression of the court would control. My second observation with respect to the decision in *United States* v. *Shallus* is that it would permit recovery in this case. The court stated, at page 333, that the destruction or loss of any part of a cargo of imported merchandise before it is "surrendered from the customs custody is not thereby, except *as perforce of express statute or regulation* and as therein provided, *exempted from the payment of customs duties*." [Emphasis added.] Section 15.8(a) of the Customs Regulations, previously quoted, expressly provides for an exemption from the payment of customs duties when the collector is satisfied that the merchandise is missing from customs custody before liquidation.

The plaintiff has sustained its burden of proof and is entitled to relief from the duties assessed on the six bales of merchandise which it did not receive from customs custody and which cannot be found. *United States* v. *Browne Vintners Co., Inc.*, 34 CCPA 112, C.A.D. 351; *United States* v. *Washington State Liquor Board*, 34 CCPA 118, C.A.D. 352.

I would sustain the protest of the plaintiff that the duties upon the missing merchandise were not lawfully assessed.